65  321<br>75  652

HEIDENHEIMER BROS. V. DENNIS STEWART AND WIFE.

(Case No. 2134.)

1, HOMESTEAD—MORTGAGE—SUIT TO FORECLOSE—NEGOTIABLE INSTRUMENT—INNOCENT PARTY—FRAUD—ESTOPPEL—The equities between the original parties to a mortgage cannot avail the mortagor in a suit on the secured negotiable note to foreclose the mortgage, even if it results in the encumbrance of the homestead, if those entitled to the exemption have caused this result by their own deliberate fraud.

2. SAME—If the owners of the homestead simulate a transaction, in which a negotiable note would be secured by a valid and meritorious lien on the exempt estate, and their artifice succeeds in imposing upon an innocent party, they are estopped from denying the truth of their solemn statements, and cannot be permitted to prove that a lien their acts had declared to be valid is void because their acts were false. (Following Hurt v. Cooper et als., 63 Tex. 362.)

APPEAL from Fayette. Tried below before the Hon. R. H. Phelps, special judge.

Heidenheimer Bros., as indorsees of one Alexander, brought this suit in the district court of Fayette county, against Dennis Stewart, to recover amount due on a negotiable promissory note executed by the latter, and to foreclose a lien on a certain tract of land in that county, retained, as security for the note, in a deed from Alexander to Stewart for the land. Pending the suit, Cary Ann Stewart was made a party defendant.

Dennis Stewart and Cary Ann Stewart are husband and wife, and had been such for some time previous to the execution of the note declared on in this suit, and the land by which the note is secured, was then, and still is, their homestead. Stewart being indebted, on open account, to Alexander, in an amount equal to that expressed in the note, and being desirous of securing its payment, conveyed this land to Alexander, his wife joining him in the deed; and Alexander on

the same day reconveyed the land to Stewart, expressing in his deed the consideration therefor to be $755 cash and the note sued on, which was at the same time made and delivered to him by Stewart. Alexander knew that the defendants were husband and wife, and that the property was their homestead; and all this was done in pursuance of a distinct understanding between the three, and in order to conceal the true character of the transaction. No consideration passed from Alexander to Stewart and his wife for their deed to him, though one was expressed therein, and none passed from Stewart and his wife to Alexander for the deed reconveying the property, except the note above mentioned, which was really intended to cover a pre-existing indebtedness, due, as before stated, from Stewart to Alexander. Both deeds bear the same date, and were filed for record on the same day. Each is in form a deed of conveyance, with full warranty of title, and was executed and acknowledged in the form and manner required by law. Appellants had no actual notice or knowledge of the purposes or intentions of Stewart and wife and Alexander in making these deeds, but became the owners of the note by indorsement from Alexander, in due course of trade, before its maturity, and for a valuable consideration. The defendants, in their answer, admitted the execution of the note, but, in response to plaintiffs' claim of lien on the property, pleaded the facts showing the true character of the transaction between Alexander and themselves, and insisted upon their homestead rights. The court to whom the cause was submitted, without the intervention of a jury, rendered judgment in favor of the plaintiffs against the defendant Dennis Stewart for $678.81, the amount due on the note, but refused to decree a foreclosure of the mortgage on the land. From that judgment the plaintiffs have prosecuted this appeal.

*Moore, Duncan & Meerscheidt*, for appellants, that the purchaser of a negotiable instrument, before maturity, in the due course of trade, for value, and without notice of any defect therein, will be protected, and is entitled to any securities that may have been given for its payment, cited: Dan. on Neg. Instr., vol. 1, secs. 770, 776; Smith's Leading Cases, vol. 1, 608; Id., secs. 834 and 834a; Hilliard on Mort. 526; Carpenter v. Longan, 16 Wall. 273; Dan. on Neg. Instr., chap. 26, sec. 836.

That the court erred, under the facts of this case, in not foreclosing the lien on the land, they cited: Edmundson v. Blessing, 42 Tex. 597; Eylar v. Eylar, 60 Tex. 319; Hurt v. Cooper, 63 Tex. 362.

*Brown & Dunn*, for appellees, that no character of lien on a home-

stead, however created, except for the purchase money, or for taxes or improvements made thereon, is valid, and that all pretended sales of the homestead involving any condition of defeasance, are void, cited: Const. of 1876, art. 16, sec. 50.

On the proposition that no transfer of a note secured by a lien on a homestead can make the lien valid, no matter how the lien was created nor how innocent is the assignee, they cited: Inge v. Crain, vol. 5, No. 48, Tex. Law Rev. 739.

ROBERTSON, ASSOCIATE JUSTICE.—The equities between the original parties to a mortgage cannot avail a mortgagor in a suit on the secured negotiable note to foreclose the mortgage (Jones on Mortgages, sec. 834; Hilliard on Mortgages, 572), even if it results in the encumbrance of the homestead, if those entitled to the exemption have caused this result by their own deliberate fraud. Hurt v. Cooper, 63 Tex. 362. If the owners of the homestead simulate a transaction, in which a negotiable note would be secured by a valid and meritorious lien on the exempt estate, and their artifice succeeds in imposing upon an innocent party, they are estopped from denying the truth of their solemn statements, and cannot be permitted to prove that a lien their acts declared to be valid is void because their acts were false.

The constitution prohibits liens on the homestead, except for purchase money or improvements. The lien asserted by appellant was for purchase money, if the transaction was genuine, and appellees are estopped, as against appellant, from proving that it was otherwise.

Appellant had no constructive notice of the fact that the deeds were intended to evade the law, for if the transactions had been as recited, the note would have been secured by a valid lien. That there was no actual notice, which might have arisen from the date of the deeds, the consideration and their registration (Easton & Thomas v. Dashield, 55 Tex. 508), was stipulated between the parties in the court below.

For the error committed in refusing to foreclose the appellants' lien, the judgment is reversed and is here rendered for appellant, for the amount adjudged below and the foreclosure of his lien on the land described in his petition. It is so ordered.

REVERSED AND RENDERED.

[Opinion delivered January 22, 1886.]