HUGHES et al. v. ROBINSON et al.
(No. 2145.)

(Court of Civil Appeals of Texas. Texarkana. June 19, 1919. Rehearing Denied July 31, 1919.)

1. WITNESSES ⇐160(1)—CHILDREN SUING TO RECOVER DECEASED FATHER'S ESTATE INCOMPETENT.

Children of the first marriage of their father, suing his children by later marriages for land left by him, are, under Rev. St. art. 3690, incompetent witnesses to the fact of it having been paid for with the property of their mother, although such transaction was between the deceased parents and a third party; all their knowledge being derived from their deceased parents.

2. APPEAL AND ERROR ⇐1051(5)—ADMISSION OF EVIDENCE AS TO FACT PRESUMED HARMLESS.

Any error in admitting evidence of a fact which is presumed, with no evidence to the contrary, is harmless.

3. HUSBAND AND WIFE ⇐262(1, 2) — PRESUMPTION THAT LAND DEEDED TO MARRIED MAN WAS COMMUNITY PROPERTY.

The presumption is that land deeded to a married man was community property; so one claiming it was the wife's has the burden of showing it.

4. HUSBAND AND WIFE ⇐275—COMMUNITY PROPERTY, PURCHASED DURING ONE MARRIAGE AND PAID FOR DURING OTHERS, IS PROPERTY OF FIRST COMMUNITY.

That land unconditionally conveyed to a man during his first marriage was paid for during his second and third marriages does not disturb the title of the first community; but, subject to reimbursement of the second and third communities for their funds used, the children of the first marriage are entitled to their mother's interest, and to share equally in the remainder with the children of the other marriages.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by Mrs. Annie Hughes and others against Mrs. Mattie Robinson and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded for new trial.

J. O. Hughes, of Marshall, Jno. A. Hughes, of Waco, and Wm. Hanson, of Tyler, for appellants.

Nat. W. Brooks and Fitzgerald & Ramey, all of Tyler, for appellees.

---

⇐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HODGES, J. The appellants Mrs. Annie Hughes and Mrs. Mollie Pye are the children of J. W. Moore and his first wife, both of whom are dead. Appellants filed this suit against the children of their father by second and third marriages, seeking to recover the two tracts of land described in their petition. They allege that tract No. 1, as it appears in their description, was purchased with the separate means of their mother. The following are the facts established upon the trial:

J. W. Moore and the mother of the appellants were married in Georgia, and in 1866 removed to this state. In September, 1867, Moore purchased from J. J. Flynn 132 acres of land, which is referred to by the appellants as "tract No. 1." The deed from Flynn to Moore recited a consideration of $300 paid. Moore's first wife died the year following this purchase, and within a few months thereafter he married his second wife. During the second marriage Moore sold off 12½ acres of the land, his deed reciting a consideration of $720 paid. He later bought another tract of 17½ acres, which is referred to by the appellants as "tract No. 2." In 1875 the second wife died, leaving several children. Two years later Moore was married to his third wife, by whom he had three children. Both Moore and his last wife died some time before the institution of this suit.

[1] On the trial below the appellants offered to testify that the consideration paid for the land purchased from Flynn consisted of a wagon and a team of mules which was the separate property of their mother. This testimony was excluded upon the ground that it was designed to prove by an heir a transaction with the deceased ancestor. It developed on cross-examination that all the appellants knew about the purchase of the land from Flynn was what they had learned from their deceased parents. It is true the transaction of buying and paying for the land, which they claimed to have witnessed, was between the deceased parents and a third party; but the terms of article 3690 of the Revised Civil Statutes are broad enough to include such transactions within the inhibition. Parks v. Caudle, 58 Tex. 216. The court found as a fact that the land had not been paid for when purchased; but that half of the purchase price was paid during the second marriage and with the community funds of those two marriages. Upon that finding he concluded that the property belonged to the community of the second and third marriages, and decreed a partition upon that basis.

[2, 3] Appellants objected to the introduction of two canceled notes, and the evidence offered tending to show that those notes had been executed by J. W. Moore some years after the date of the deed from Flynn in payment of the consideration for the land. If the court was justified in finding that the land was not paid for with the separate property of the appellants' mother, the error, if any, in admitting those notes in evidence, was harmless. The deed having been taken in the name of Moore, the land was presumptively community property, and the burden rested upon the appellants to show to the contrary. This they failed to do.

[4] We are of the opinion, however, that the court erred in holding that, because the consideration was paid during the second and third marriages, the land belonged to those two communities in proportion to the amount of the funds each contributed to that payment. The deed from Flynn to Moore was upon its face an unconditional conveyance, and invested both the legal and the equitable title in Moore and his first wife. The fact that the consideration was thereafter paid with funds belonging to the second and third communities did not disturb the title with which the first community had thus been endowed.

The case of Guest v. Guest, 208 S. W. 547, involved facts very similar to the controlling features of this case, and we think the rule there announced should be applied in the division of this property. Under the findings made by the court the appellants are entitled to have what remained of the 132 acres of land divided, upon the basis that it was the community property of their father and mother, subject, however, to whatever burden equity would impose in favor of the second and third community estates for reimbursement for funds used in the discharge of the purchase-money debt. It may be that the amount realized by Moore from the sale of the 12½ acres would be sufficient to meet that demand. In that event no accounting should be required of appellants in the partition of the land. They would be entitled to all of their mother's community interest, and to share equally with the children of the second and third marriages in the remainder.

We are of the opinion that justice would be better subserved by reversing and remanding this case for trial according to the rules announced in Guest v. Guest and the cases there cited; and it is so ordered.