**ENGELL et al. v. UNION CENTRAL INS. CO. OF CINCINNATI, OHIO.**

No. 13142.

Court of Civil Appeals of Texas. Fort Worth.

April 12, 1935.

· Frank A. Ogilvie, of Fort Worth, for appellants.

George T. Burgess, of Dallas, for appellee.

DUNKLIN, Chief Justice.

Harry Engell and wife desired a loan on their homestead, and, in order to make it appear that the lien to be given therefor was. free of any claim of homestead, they entered into a simulated transaction with one George J. Mellina, purporting to be a valid materialman's lien for improvements on the property. That contract was in due form and properly acknowledged in compliance with constitutional and statutory requirements. It stipulated for the payment to Mellina of .$1,500 sixty days after date·for the improvements. About one month thereafter they applied to the Union Central Life Insurance Company of Cincinnati, Ohio, for a loan of $1,500 with which to take up the Mellina note and mechanic's lien and pay back taxes on the property for two years. That application was granted, and Engell and wife executed to that company their note for $1,500, payable in installments, extending over a period of several years, secured by deed of trust executed by Engell and wife on the same property, and the money advanced by the company was applied in part to the payment of taxes and the balance was paid over to Mellina, who assigned to the company the mechanic's lien held by him. In order to induce the company to take up the mechanic's lien, Engell and wife and Mellina all submitted to the company their affidavits in writing, in substance, that the mechanic's lien contract was a bona fide transaction, that the improvements covered by that contract were made after the mechanic's lien contract was executed, and the life insurance company made the loan in good faith and relying upon the truth of those representations. Engell and wife made several payments on the note to the company, but upon default in payment of the balance the company procured a foreclosure of its lien through sale by the trustee under the terms of the deed of trust, and purchased the property at that sale.

This suit was instituted by Engell and wife against the insurance company to cancel the mechanic's lien in favor of Mellina and the deed of trust so given the company, and to annul the deed held by it to the property under the foreclosure sale. As grounds for the relief sought, it was alleged that the mechanic's lien and deed of trust were both simulat-

ed transactions for the purpose of enabling plaintiffs to borrow money on the property which was their homestead at the time, and therefore exempted from the purported liens. It was alleged that the scheme was planned and executed as the result of collusion between plaintiff Harry G. Engell, George J. Mellina, Frank Selby, and J. L. Haight; that Selby and Haight and the Murray Investment Company, through whom they operated, were employed by the life insurance company to solicit loans for it, and their knowledge of the simulated character of the transactions in question was chargeable to the insurance company.

Plaintiff, Mrs. Engell, alleged further that she was never informed of the collusive agreement between her husband and Mellina, Selby, and Haight with her husband, Harry Engell, and was in no manner bound thereby.

The defendant pleaded that it purchased the mechanic's lien in good faith and paid over the money advanced to take up the mechanic's lien and purchased the property at foreclosure sale, relying upon the representations of plaintiffs, recited above, and by virtue thereof it invoked estoppel against both plaintiffs.

The Stewart Title Company, who had guaranteed title to the property to the insurance company, intervened and also invoked estoppel against plaintiffs on the same facts relied on by the defendant insurance company.

The trial of the case was before a jury, but after the evidence was introduced the court directed a verdict denying plaintiffs the relief prayed for by them and in favor of the defendant on its cross-action for debt and foreclosure; and plaintiffs have appealed from a judgment rendered in conformity with that verdict. The Stewart Title Company was denied any recovery, since their intervention was for the sole purpose of upholding the insurance company's defense and cross-action, to whom it had guaranteed title to the property.

■ The facts, showing the simulated character of the transactions, were established by uncontroverted evidence, and, according to the well-recognized rule of decisions of this state, they sustained the plea of estoppel urged by the defendant. Standard Savings & Loan Ass'n v. Fitts, 120 Tex. 303, 39 S.W. (2d) 25; First Texas Joint Stock Land Bank v. Chapman (Tex. Civ. App.) 48 S.W. (2d) 651; Shaw v. American Life Ins. Co. (Tex. Civ. App.) 60 S.W.(2d) 1110; Blesse v. Wessels (Tex. Civ. App.) 18 S.W.(2d) 724; Guaranty Bank v. Kelly (Tex. Com. App.) 13 S.W.(2d) 69; Little v. Shields (Tex. Com. App.) 63 S. W.(2d) 363; Ackerson v. Farm & Home, etc., Ass'n (Tex. Civ. App.) 77 S.W.(2d) 559; Barnes v. Archer (Tex. Civ. App.) 77 S.W. (2d) 883.

To overcome that defense appellants cite testimony to the effect that the Murray Investment Company, whose office was in Dallas, was authorized by the insurance company to solicit applications for loans to be made by the insurance company and submit them to that company; that Frank Selby and J. L. Haight, residing in Fort Worth where plaintiffs lived and where the property was located, were authorized by the Murray Company to submit to it applications for loans to be made by the defendant company, and, according to the testimony of plaintiff Harry Engell, and Mellina, they knowingly consented to and participated in the plan simulated to procure the loan on plaintiffs' homestead. It is insisted that their knowledge of the facts was chargeable to the insurance company, thus overcoming its defense of estoppel.

■ The testimony showed that Haight and Selby were engaged in the business of independent insurance brokers, charging the borrower a commission for preparing and sending in his application therefor to the insurance company, in accordance with an arrangement with the Murray Investment Company of Dallas, who would then forward it to the insurance company. But neither that company nor Haight or Selby had any authority from the insurance company to grant the loan. See Standard Savings & Loan Ass'n v. Fitts, 120 Tex. 303, 39 S.W.(2d) 25; First Texas Joint Stock Land Bank v. Chapman (Tex. Civ. App.) 48 S.W.(2d) 651, cited above. However, whether the acts of Selby or Haight in handling appellant's application for the loan constituted him an agent of the insurance company is immaterial, since it is well settled that a principal is not bound by the acts of an agent or notice to him, while he is acting in collusion with another to defraud the principal, as is well established by the authorities first cited above.

■ And notwithstanding Mrs. Engell's testimony that she did not actually participate in the collusion between her husband and Mellina and others working with them in the matter, yet, according to her further testimony, she knew of the falsity of the affidavit she made in order to induce the insurance company to make the loan, made the basis of their suit. Under such circumstances, the de-

fense of estoppel applies to her equally with her husband, under foregoing authorities.

Under the undisputed facts in evidence, the trial court did not err in instructing the verdict on which the judgment was rendered; and, accordingly, the judgment is in all things affirmed.