**GALLOWAY et al. v. MOESER et al.**
No. 1430.

Court of Civil Appeals of Texas. Eastland.
April 26, 1935.

Thomas & McDonald, of Big Spring, for appellants.

R. H. Ratliff and Thos. R. Smith, both of Colorado, for appellees.

HICKMAN, Chief Justice.

Charles Moeser sued A. Y. Pemberton, W. S. Galloway, S. P. Jones, and R. D. Garnett. The suit against Pemberton and Galloway was upon two notes, payable to Phillip E. Jenkins, and indorsed by the latter to Moeser. A foreclosure was sought of a mortgage lien given to secure the payment of the notes as against the makers thereof and Jones and Garnett, the allegations being that the last two named defendants were asserting claims to, interests in, or liens upon the property which, it was alleged, were inferior to the lien of the plaintiff. After the evidence was all in the court, over appellants' objection, discharged the jury and rendered judgment for the plaintiff Moeser as prayed for in his petition. On the cross-action of Jones against his codefendants he was awarded judgment against Pemberton and Galloway for $190.81, with interest, and, as against all parties, the foreclosure of a materialman's lien upon the property. The lien of Moeser was declared to be superior to that of Jones, and it was ordered that the proceeds of the sale of the property be applied first to the satisfaction of the judgment rendered in favor of Moeser, and, secondly, to the satisfaction of the judgment rendered in favor of Jones. The defendants Galloway and Garnett have appealed. Pemberton did not join in the appeal. The questions presented will be considered in their order.

■ It is contended in the first place that the pleadings were insufficient to authorize the judgment of foreclosure in favor of Moeser in this: It was alleged by him in his petition that the mortgage declared upon was a chattel mortgage, whereas the foreclosure was of a lien on real estate. The mortgage was attached to the petition as an exhibit and by reference was made a part thereof. It was clearly a mortgage on real estate and not upon any chattels at all. While it is inaccurate to designate a real estate mortgage as a chattel mortgage, no reason is perceived why such inaccuracy should render the pleading insufficient to support the judgment.

■ It is next presented that the character of the instrument was dependent upon the intention of the parties, and that an issue should have been presented to the jury as to such intention. As we understand the argument advanced in support of this contention, it is that the only testimony offered bearing upon the intention of the parties was the testimony of the plaintiff Moeser, and that, he being an interested party, his credibility should have been determined by the jury. As we view the record, the rule relied upon has no application. The judgment of the court in no sense rested upon the oral testimony of Moeser. The instrument was complete on its face, and no other construction could be given to it than that it created a lien on real estate. The propositions presenting this question are overruled.

■ The next proposition complains of a fact finding of the trial court to the effect that Pemberton and Galloway were partners at the time the mortgage was executed, and that same was executed by Galloway for the partnership. The notes were dated August 26, 1932, and were signed by both Pemberton and Galloway. The mortgage was executed by Galloway alone on December 17, 1932. It is presented that an issue of fact was raised by the evidence on the question of whether the partnership existed on the date the mortgage was executed and as to whether Galloway was acting for the partnership in executing the mortgage. It was alleged in plaintiff's petition: "That heretofore, to-wit, on the 26th day of August, A. D. 1932, the defendants A. Y. Pemberton and W. S. Galloway, a partnership doing business as Pemberton Gin Company, made, executed and delivered to Phillip E. Jenkins, or his order, their two promissory notes. * * *" This allegation of partnership was not denied under oath, but it is presented that no denial was required because the allegation was not to the effect that Pemberton and Galloway were partners on the date the mortgage was executed. We incline to the view that the allegation of partnership was sufficient to require a denial under oath. But, be that as it may, no prejudicial error is presented by the assignment. The mortgage executed by Galloway contained covenants of general warranty, and thereafter he acquired Pemberton's interest in the property. When one conveys land by warranty of title, a title subsequently acquired by the grantor passes eo instanti to his warrantee. Baldwin v. Root, 90 Tex. 546, 40 S. W. 3; 12 Tex. Jur., p. 31, § 20. This rule applies to mortgagors and mortgagees in like manner as to warrantors and warrantees. Logue v. Atkeson, 35 Tex. Civ.

App. 303, 80 S. W. 137 (error refused); Dearing v. Jordan, 62 Tex. Civ. App. 107, 130 S. W. 876; 41 C. J., p. 478, § 395.

█ The record does not contain a deed from Pemberton to Galloway conveying the interest of the former in this property, but it does contain a deed of trust executed by Galloway to Piner, trustee for Pemberton, on January 4, 1933, upon the property here involved to secure the payment of three notes of even date described in a deed from Pemberton to Galloway of even date therewith. This deed of trust expressly recites that the lien therein created is inferior to the lien of Moeser. In this state of the record it is immaterial whether Pemberton and Galloway were partners in December, 1932. Pemberton is not complaining of the judgment, and Galloway, who purported to execute a lien on the entire property, has no just ground for complaint.

█ It is next presented that an issue of fact was raised by the evidence on the homestead plea of Pemberton and Galloway. The property involved is a small tract of land located in the Fairview Community, about eight miles from Big Spring, in Howard county. On this tract there is a cotton gin with its usual equipment and buildings. The claim is that this property constituted the business homestead of Pemberton and Galloway. Pemberton and Galloway filed separate answers, and neither set up the defense of homestead, but Garnett, the present owner of the property by purchase from Galloway, pleaded that the property was "the community business homestead of said A. Y. Pemberton and W. S. Galloway" at the time of the execution of the mortgage. It was alleged that Galloway resided in Big Spring with his family, but that Pemberton actually lived and resided upon said land, using and occupying same as his residence homestead as well as his business homestead. The facts disclosed that Pemberton resided in O'Donnell, but that he and his family spent about a month on this property in August, 1932, while the machinery was being installed. That evidence appears insufficient to raise the issue of homestead as to Pemberton on account of his residing there. But, however that might be, Pemberton later sold out to Galloway, who had theretofore executed a mortgage with covenants of general warranty upon the entire property, and having later acquired Pemberton's title to one-half

thereof, that lien became valid and binding as to the entire property, regardless of whether Pemberton may have had a homestead claim to an undivided interest therein at the time the mortgage was executed. As to the claim that the property was the business homestead of Galloway, the contention seems to be this: It is conceded that a business homestead is a part of the urban homestead and that Galloway could not reside in Big Spring and have a business homestead in cotton gin property situated several miles out in the country where he had never resided, but it is pointed out that the evidence is to the effect that this gin was in the Fairview community, and that Moeser did not establish that Fairview was not in fact a village. The burden was not upon Moeser to offer any proof on the homestead question. That was a defensive issue, as to which the burden rested upon appellants. There is no evidence that the gin was located in a village.

█ It is next presented that the judgment in favor of the defendant S. P. Jones on his cross-action was not authorized for two reasons: First, no citation was issued on his cross-action, and, secondly, his pleadings were insufficient to support a judgment. The record discloses that after Jones filed his cross-action his codefendants filed their respective answers to the plaintiff's petition. Having thereby entered their appearance in the main case, they were before the court for all purposes and a valid judgment could be rendered against them on the cross-action of their codefendant without the necessity of further citation. Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136; Early v. Cornelius, 120 Tex. 335, 39 S.W.(2d) 6, affirming Cornelius v. Early (Tex. Civ. App.) 24 S.W.(2d) 757.

█ The contention that the judgment in favor of Jones on his cross-action is not supported by the pleadings must be sustained. He was brought into the suit by plaintiff, who alleged that he was asserting some kind of claim or purported lien on the property subject and inferior to the plaintiff's lien. In response to this pleading, Jones filed a general demurrer, general denial, and the following additional allegations: "The defendant represents to the court that the mortgage relied upon by plaintiff is not a valid mortgage and does not create a lien against the real estate and the buildings described in plain-

tiff's petition. Wherefore, defendant prays that upon final hearing hereof that this lien be declared superior to that of the plaintiff and that he have judgment over and against plaintiff and all other defendants for the amount of his debt and for a foreclosure of his lien."

Nowhere does he allege that any indebtedness was owing to him by any one, nor does he describe any lien claimed by him. With the pleading in this condition the court awarded him a personal judgment against Pemberton and Galloway and the foreclosure of a materialman's lien. It is our opinion that there was no pleading to warrant any judgment in his favor.

It is finally presented that the court erred in admitting in evidence over the objection of appellants a certified copy of a deed from Galloway and wife to .R. D. Garnett conveying the property in question, and a certified copy of a deed of trust from Galloway, to one Piner, as trustee, to secure the payment of notes executed by Galloway to Pemberton. The objection lodged to the admission of these instruments was that same had not been filed with the papers of the' case before the commencement of the trial as required by R. S. 1925, art. 3726. In his petition Moeser called upon the defendants to produce the originals of these instruments upon the trial of the case and gave notice that unless they were produced secondary evidence would be resorted to. The petition designated the instruments and gave the volumes and pages in which same were recorded. They are instruments which are presumed to have been in the possession of the defendants, and no denial of their possession is made. In this state of the record it was not prejudicial error to admit the certified copies in evidence. El Paso Townsite Co. v. Watts (Tex. Civ. App.) 227 S. W. 709, and authorities there cited.

. We have considered all the questions presented and have overruled all assignments except one relating to the judgment in favor of S. P. Jones on his cross-action. As between Jones and the appellants, the case must be retried. But no reason can be perceived for another trial as between Moeser and any of the parties. It is, therefore, our order that the judgment in favor of S. P. Jones be reversed and the cause remanded for another trial. In view of this disposition of that branch of the case, the judgment of the court below, in so far as same directs that the proceeds of the sale of the property be applied, first, to the satisfaction of Moeser's judgment, and, secondly, to the satisfaction of Jones' judgment, be so reformed as to provide that the proceeds thereof be applied to the satisfaction of Moeser's judgment, and, if there should be any excess, the same shall be deposited in the registry of the court pending a determination of the issues in the suit between Jones and the other parties, and that, as reformed, the judgment in favor of Moeser be in all things affirmed. The costs of appeal are taxed, one-half against appellants and one-half against Jones.

Reformed and affirmed in part, and in part reversed and remanded.