### WEHRING et al. v. SCHUMANN et al.
### No. 10063.

Court of Civil Appeals of Texas. Galveston. June 1, 1935.

P. Z. Sullivan, of Bellville, for appellants.

Lewis Rogers and B. C. Billingsley, both of Houston, for Federal Land Bank of Houston.

Frank Williford, Jr., and F. F. Beadle, both of Houston, and J. Lee Dittert, of Bellville, for other appellees.

PLEASANTS, Chief Justice.

This suit was brought by appellants, the children of F. A. Schumann, deceased, by his first wife, who died in 1889, against the second and surviving wife and her children by the deceased, Schumann, and the Federal Land Bank of Houston, Tex., the appellees herein. The purpose of the suit was to fix and establish plaintiffs' undivided interests as heirs of their deceased father and mother in the numerous tracts of land described in the petition, the record title to which was in F. A. Schumann at the date of his death, and to have a deed of trust on the 51-acre tract of land described in the petition executed by F. A. Schumann and his second wife, Ella Schumann, to secure the payment of a note for $2,000 in favor of the defendant land bank declared void on the ground that said tract of land conveyed by the deed of trust was at the time of its execution a part of the homestead of the grantors, F. A. and Ella Schumann. The prayer of the petition is:

"That upon a final hearing hereof, the deed of trust held by the Federal Land Bank of Houston, Texas, against the 51 acres of land described in exhibit marked 'D', hereto attached and made a part hereof, be set aside and cancelled; for a partition of the property between plaintiffs and defendants according as their interest may appear in said property upon the trial hereof; but, in case the court should hold and determine that the said Ella Schumann is entitled to a homestead right in and to said property and that the same can not be legally partitioned; then and in that event, the plaintiffs pray that the court determine and definitely establish the rights of each of the plaintiffs and defendants in and to said property; for costs of suit; for such other and further relief, whether general or special, legal or equitable, as the plaintiffs may be entitled to; and, they will ever pray."

The defendants, children of the second marriage, and Ella Schumann, the surviving wife, answered by general demurrer and a general denial of the allegations of the petition. These defendants then by cross-action against the plaintiffs allege, in substance, that they and plaintiffs are the joint owners of all the hereinafter described lands, the record title to which was in F. A. Schumann at the time of his death, subject

to a life estate of one-third and the homestead right of Ella Schumann, the surviving wife of F. A. Schumann.

· These lands are sufficiently described in the answer and also in plaintiffs' petition, and for the purposes of this opinion may be designated as follows: First, a tract of 22.39 acres out of a 52-acre tract conveyed to F. A. Schumann on May 31, 1884, before his marriage to his first wife, the mother of plaintiffs, and which is now owned by plaintiffs and the children of the second marriage; second, a tract of 16.977 acres, one-half of which is owned by defendant Ella Schumann and the remaining half by plaintiffs and the defendant children of the second marriage; third, a tract of 11.7 acres, a tract of 12 acres, a tract of 18 acres, a tract of 3.1 acres, a tract of 1.18 acres, one-half of said several tracts being owned by the defendant Ella Schumann and the remaining one-half by the plaintiffs and the other defendants herein; fourth, an undivided one-half of a tract of 51 acres, the remaining one-half being owned by the defendant Ella Schumann; fifth, one-half of a tract of 50 acres, the remaining one-half being owned by the defendant Ella Schumann.

These defendants further allege in their cross-petition that the lands before described can be equitably partitioned in kind, and pray that the court adjudge, declare, and fix the respective rights and interests of the plaintiffs and these defendants in the several tracts of land before designated, and that the homestead rights of defendant Ella Schumann therein be confirmed, but that no partition thereof be now consummated; that, upon a report of commission of partition to be appointed by the court at such time as the court may fix, the court, finding such partition equitable and fair, shall render·a judgment confirming the same and subjecting the portion of the lands awarded to each of the joint owners liable for its proportionate amount of the indebtedness due the land bank.

The defendant land bank answered by general demurrer and general denial of all the allegations of plaintiffs' petition showing, or tending to show, any cause of action against this defendant.

The bank further answered, in substance, that the deed of trust was executed as alleged by plaintiffs to secure the bank in the payment of a note in the sum of $2,000, with interest at the rate of 5½ per cent. per annum from January 25, 1924, the date of the execution of the note and deed of trust; that the lands conveyed by the deed of trust were the 50-acre tract described in plaintiffs' petition, and the tract of 51 acres therein described; that at the time of the execution and delivery by Schumann and wife of this deed of trust they made and executed a designation of their homestead, and such designation, which was duly executed and recorded, embraced 200 or more acres of land then owned and occupied by them as their homestead, and did not include any of the lands described in the deed of trust, and expressly disclaimed any homestead right in any property other than the lands described in said designation of homestead. This instrument of designation contains the following statement: "This designation is made in order to obtain a loan from the Federal Land Bank of Houston upon other land owned by us which is not a part of our homestead."

This answer further avers that the defendant bank, in good faith and in reliance upon the facts stated in the homestead designation, paid to F. A. Schumann the money for which the note and deed of trust were executed, and would not have paid this money but for its reliance upon the statement contained in said designation of homestead, and that both F. A. Schumann and Ella Schumann knew that said money was paid in reliance upon such statement, and but for such statement would not have been paid. It is further averred in the answer that the defendant land bank is an innocent encumbrancer for value and without notice of any claim of plaintiffs or any other person adverse to the title of F. A. and Ella Schumann, as shown by the deed records of Austin county where the land is situated, at the time it accepted the deed of trust and paid its money. It is further averred that, prior to the acceptance of the deed of trust and the note secured thereby and paying over the proceeds of the loan, this defendant caused a careful examination to be made of the records of the office of the county clerk of Austin county, and such examination did not disclose any title of any type or kind in any of the plaintiffs in this suit. The prayer of this defendant is that the lien evidenced by the deed of trust given to secure the $2,000 note be adjudged a just lien upon the lands conveyed by the deed of trust superior to any claim or interest of the plaintiffs or other parties to this suit.

The trial in the court below without a jury resulted in a judgment fixing the interest of all of the parties in all of the lands involved in the suit as alleged and claimed in the cross-petition of the defendants. The judgment further recites: "And it having been

made to appear to the Court that the lands and premises involved in this suit are not susceptible of an equitable partition in kind, and the parties to the suit having made it known to the Court, by their respective counsel, that they did not desire at this time a partition by sale, no partition of the premises is accordingly decreed, but this shall be without prejudice to the rights of any of the parties in a future law suit, should they see fit to enforce a partition by sale; it is further ordered, adjudged and decreed that all issues hereinabove asserted in this cause by any of the parties hereto, not hereinabove expressly referred to or adjudged, be taken and held as resolved against the party asserting the same; and, it is further ordered that all costs of this proceeding be taxed 4/13 against plaintiffs and 9/13 against the defendants and costs of Federal Land Bank be charged to plaintiffs, to which judgment, and to all of which, the plaintiffs in open Court, by counsel, excepted and gave notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas, sitting at Galveston, Texas."

For the purposes of this opinion the following is a sufficient statement of the material facts shown by the evidence:

The evidence shows that F. A. (Fritz) Schumann was married on July 8, 1884, to Sophie L. Hof, who died in 1889 intestate, and left surviving her four children and her husband, F. A. Schumann. There was no administration upon Mrs. Schumann's estate and no necessity therefor. Thereafter, on May 9, 1892, F. A. Schumann married Ella Witte. He died intestate in 1932, leaving surviving him eight children by his second marriage and his widow, Ella Schumann, who with her children and the land bank are the defendants and appellees in this suit, and his four children by his first marriage, who are the plaintiffs and appellants herein. There was no administration upon the estate of F. A. Schumann, and no necessity therefor.

The 51 acres of land involved in this suit was purchased by Schumann in 1897. The first payment of $50, which was made when the deed was executed and delivered to him on September 14, 1897, was made with community funds of his second marriage. For the balance of the purchase money he executed two notes for the respective sums of $175 and $225 the first note being payable on November 1, 1897, and the second on November 1, 1899. These notes were secured by a vendor's lien on the land.

Upon the maturity of the second note, Schumann paid both notes and obtained a release of the vendor's lien. The money with which he made the payment of the notes was obtained from the sale of property belonging to his separate estate.

Under sufficient assignments and propositions appellants complain of the judgment of the trial court upon two main grounds; their other propositions being subsidiary.

■ They first contend that, since the trial court finds that the 51 acres of land upon which F. A. Schumann and his second wife, Ella, executed the deed of trust in favor of the land bank, were paid for, except for the first payment of $50, out of separate funds of F. A. Schumann, and the undisputed evidence shows that this 51-acre tract had been continuously occupied and used by Schumann and his wife as a part of their homestead from the time of its purchase to the date of the execution of the trust deed, the deed of trust was void and unenforceable as to plaintiffs' interest in the land as heirs of their father.

This contention cannot be sustained. While it is true that these 51 acres of land were used for homestead purposes, as stated by appellants, the evidence shows that it had been so used with a number of other tracts of land owned by Schumann, consisting of more than 200 acres, on one of which tracts the family residence was situated, and that, before the execution and delivery of the trust deed, Schumann and his wife executed and placed upon record a designation of their homestead. This homestead designation included the tract upon which the family residence was situated, and contiguous tracts all used or suitable for homestead purposes and uses; the combined area of such designated homestead being in excess of 200 acres. The appellee land bank accepted the deed of trust on these 51 acres and turned over to Schumann the money loaned on the deed of trust lien in reliance upon the good faith of Schumann and wife in making their homestead designation.

It is, we think, well settled by the decisions of our courts, that, upon this state of facts, Schumann and his wife were estopped from ever questioning the validity of the deed of trust on the ground that the 51 acres were a part of their homestead. Mrs. Schumann makes no such claim and does not question the validity of the lien created by the trust deed. The appellants in this case, who have no interest in this land other than as heirs of their father, are certainly in no position

to attack the validity of the deed of trust executed by their father for the purpose of securing a loan from the land bank that accepted the deed of trust and paid the money loaned thereon in good faith in reliance upon the homestead designation. Heidenheimer v. Stewart, 65 Tex. 321; Scripture v. Scottish-American Mortgage Co., 20 Tex. Civ. App. 153, 49 S. W. 644; McGaughey v. American National Bank, 41 Tex. Civ. App. 191, 92 S. W. 1003; First Texas Joint Stock Land Bank of Houston v. Chapman (Tex. Civ. App.) 48 S.W.(2d) 651.

■ The second ground of complaint attacks the soundness of the holding that the 51-acre tract was community property of the second marriage. While this question may not be wholly free from doubt, we have concluded that we should not disturb the holding of the trial court that the land was community property. As before stated, the court found that the land was paid in large part by separate funds of the husband; only the first payment of $50, one-ninth of the purchase price, having been funds of the community. The land was purchased five years after Schumann's marriage, and the title was at least prima facie vested in the community by the deed to the husband. The husband made the purchase, and, if he had intended to buy the land for his separate estate, it is a reasonable inference that he would have had the deed recite that the land was conveyed to him as his separate property. The appellants had no interest in the funds which their father used in paying the balance of the purchase money when it became due, and we think under all the facts the trial court was authorized to find that Schumann intended that the title so acquired by him should vest in the community. He had a perfect right to do what he pleased with the funds he invested in the land, and might, if he had so desired, have given all of these funds to his second wife, and had the deed made to her in her separate right.

In addition to what is above said, it seems to be settled that, the deed conveying the land having been executed five years after Schumann's marriage and the first payment of the consideration for the conveyance having been made from community funds, the title to the land vested in the community. This status of the title could not be changed by the payment of the vendor's lien notes given for the balance of the purchase money out of separate funds of Schumann. At most he or appellants as his heirs could only have a lien on the land to secure a repayment of the money paid for discharge of the vendor's lien notes, and this relief is not sought by appellants' pleadings. Guest v. Guest (Tex. Civ. App.) 208 S. W. 547; Hughes v. Robinson (Tex. Civ. App.) 214 S. W. 946, 947.

If the conclusions above expressed are sound, the remaining propositions presented in appellants' brief are immaterial.

It follows that the judgment of the trial court should be affirmed, and it has been so ordered.

Affirmed.