**ZEIGLER et al. v. FEDERAL LAND BANK OF HOUSTON et al.**

No. 3211.

Court of Civil Appeals of Texas. El Paso.
Oct. 10, 1935.

Rehearing Denied Nov. 7, 1935.

Jones & Jones, of Mineola, for appellants.

Lewis Rogers and Bruce Billingsley, both of Houston, for appellee Federal Land Bank.

Bozeman & Cathey, of Quitman, for appellees J. L. Zeigler and others.

PELPHREY, Chief Justice.

In the year 1901, B. F. Zeigler became the owner of 200 acres of land out of the E. Allen survey, located in Wood county, Tex., being the land involved in this suit.

On July 22, 1926, Zeigler applied to the Federal Land Bank of Houston for a loan on 150 acres of the land, stating that his object was to build a house thereon.

On August 9th following, Zeigler and wife, T. T. Zeigler, entered into a mechanic's and materialman's lien contract with C. M. Cain in which they agreed to pay to Cain the sum of $1,700 for the making of certain enumerated improvements on the 150-acre tract. They executed their note, payable to Cain, for this amount. Cain, on his part, agreed to build on the land a six-room frame house, two additional rooms on a house then on the land, a barn, and to re-cover a barn already there.

On October 13, 1926, Zeigler and wife deeded the remaining 50 acres to their son V. P. Zeigler, retaining a vendor's lien to secure the balance of the purchase price, amounting to $1,800.

On October 14, 1926, V. P. Zeigler made application to the Federal Land Bank of Houston for a loan on the 50-acre tract.

In connection with the loans on the two tracts of land the Federal Land Bank required, and the parties involved executed, two affidavits. One of them was made by B. F. Zeigler and wife, T. T. Zeigler, and

C. M. Cain, and was to the effect that the mechanic's and materialman's contract executed by them had been executed and delivered before any of the material used in the erection and construction of the improvements called for in the contract was placed upon the ground and before any of the work was done or performed on the improvements; that the contract had been completed and complied with in every respect; that the improvements had been duly accepted; that the affidavit was being made for the purpose of inducing the Federal Land Bank to make a loan to them; that the proceeds, or a part thereof, were to be used to take up and extend the time of payment of the indebtedness, or a part thereof, secured by the mechanic's lien and with the full expectation and understanding that the bank would rely on the facts therein stated. The other was made by V. P. Zeigler, B. F. Zeigler and wife, T. T. Zeigler, and recited that the sale of the 50-acre tract by B. F. Zeigler and wife to V. P. Zeigler was a bona fide sale; that the deed was not executed by B. F. Zeigler and wife for the purpose of evading the homestead laws and creating a fictitious lien against the land; that there was no understanding that there was to be a reconveyance of the land; that B. F. Zeigler and wife did not then live upon the land; that they had abandoned it and did not claim it as any part of their. homestead; that the affidavit was being made to induce the Federal Land Bank to make a loan to V. P. Zeigler in the sum of $500 to be used in taking up and extending that much of the indebtedness described in the deed from B. F. Zeigler and wife to V. P. Zeigler.

B. F. Zeigler and wife and V. P. Zeigler executed deeds of trust upon their respective tracts to M. H. Gossett, as trustee for the Federal Land Bank, and the loans were then completed, $500 to V. P. Zeigler and $1,700 to B. F. Zeigler; B. F. Zeigler assigning to the Federal Land Bank the vendor's lien and note retained by him on the 50-acre tract, and Cain assigning to the bank his mechanic's lien and note.

T. T. Zeigler, wife of B. F. Zeigler, died leaving as her heirs J. L. Zeigler, V. P. Zeigler, S. M. Zeigler, Laura Zeigler, Mrs. Ellen Wall, and Mrs. Ruby Inman. Before her death, however, V. P. Zeigler, joined by his wife, Eula Zeigler, conveyed the 50-acre tract to B. F. Zeigler. In June, 1931, the trustee named in the two deeds of trust through his agent sold the two tracts of land under the powers conferred in said deeds and J. L. Zeigler, V. P. Zeigler, S. M. Zeigler, Laura Zeigler, and Mrs. Ellen Wall became the purchasers.

This suit being in trespass to try title was instituted by B. F. Zeigler against the Federal Land Bank of Houston, J. L. Zeigler, V. P. Zeigler, S. M. Zeigler, Laura Zeigler, Mrs. Ellen Wall and her husband, Dick Wall.

The prayer was for a cancellation of the deed of trust and mechanic's liens, that the sales thereunder be held for naught, and for title and possession of both tracts of land.

In his amended petition B. F. Zeigler alleged that the mechanic's and materialman's lien contract was executed for the purpose of creating a fictitious lien on the 150-acre tract and for the sole purpose of evading the homestead laws, and that there was nonsubstantial compliance with the contract as to the erection of improvements; that the sale of the 50-acre tract was fictitious and for the purpose of attempting to create a lien on his homestead and with the intention that the land should be reconveyed to him after he had succeeded in selling the notes thereon to the Federal Land Bank; and that Clarence Davis, who was the agent of the Federal Land Bank, suggested the execution of the fictitious lien contract and deed; and that Davis and the Federal Land Bank both knew, or the bank could have discovered by the exercise of any degree of diligence, that the transactions were simulated.

The Federal Land Bank answered by general and special exceptions, a general denial, a plea of not guilty, specially denied that Winnsboro National Farm Loan Association, or that its secretary, Davis, was ever its agent. The bank further alleged that it accepted the mechanic's lien contract and the vendor's lien note in good faith and was induced to do so by the representations of Zeigler, and therefore he should be estopped to deny the validity of the deed of trust liens.

Mrs. Ruby Inman was permitted to intervene in the case, and she, after adopting the pleading of her father, B. F. Zeigler, denied that her mother was a party to any fraud which could act as an estoppel as against her.

The jury found that Cain failed to substantially comply with the mechanic's

lien contract; that the deed from B. F. Zeigler and wife to V. P. Zeigler and the reconveyance by V. P. Zeigler were made for the sole purpose of creating a lien on a part of B. F. Zeigler's homestead; that Clarence Davis had notice of the fact that the two deeds were made for that purpose; that it was agreed between B. F. Zeigler and S. R. McWhirter that the insurance money covering the furniture of Zeigler should be applied to the February installment due the Federal Land Bank; that the Federal Land Bank was acting in good faith in paying out the proceeds of the two loans as it did; that it relied in both instances upon the representations made in the affidavits of the parties; and that the February installment of 1931 was not transferred to J. L. Zeigler before the insurance money was paid to the Federal Land Bank.

Judgment was rendered that B. F. Zeigler and Ruby Inman and her husband take nothing; that the liens of the Federal Land Bank on the two tracts of land be established as a superior lien; and that V. P. Zeigler, J. L. Zeigler, Laura Zeigler, S. M. Zeigler, and Mrs. Ellen Wall and her husband recover the title and possession of the two tracts of land subject to the lien held by the Federal Land Bank.

### Opinion.

Appellants contend that the judgment establishing the liens of the Federal Land Bank as being superior to the title and claim of appellants is against the great preponderance of the evidence, is without any legal evidence to support it, and in conflict with the jury's findings; and that the judgment is erroneous, in that the evidence and the findings of the jury show that nothing was done on the indebtedness at the time of the purported sales under the deeds of trust.

In connection with their first contention, appellants cite that line of decisions holding that one who has not substantially performed his part of a contract to make improvements on a homestead cannot maintain an action for the enforcement of a lien thereon, and another set of decisions which hold that an assignee of notes given for the price to be paid for an improvement yet to be made passes no existing lien, but only the right to such as may be perfected by the subsequent performance of the contract.

Appellees do not dispute the correctness of these decisions, but propose that even though there was no substantial performance of the contract, appellants here would be estopped to deny the validity of the lien created by the mechanic's lien contract by virtue of the representations made by B. F. Zeigler and wife in their affidavit made to secure the loan. Appellants in reply contend that there can be no renunciation of the homestead exemption, no matter how solemnly made, where the owner is actually occupying the property as a homestead at the time of the attempted renunciation, and that a lien purchaser cannot depend upon representations made by the owner where such representations are contrary to facts known by the purchaser to exist.

We have carefully read these decisions, but do not feel that they are applicable to the case at bar, unless it be conceded that C. D. Davis, secretary of the Winnsboro National Farm Loan Association, was also the agent of the Federal Land Bank, and that his knowledge was chargeable to the bank. No issue as to such agency was submitted to the jury and none requested by appellants, and we cannot agree with appellants' presumption that the reason why the court did not submit such issue to the jury was because he had decided as a matter of law that Davis was such agent. Rather do we think he concluded to the contrary.

Our belief is based, firstly, upon the fact that Davis was a public agent whose authority parties dealing with him in his official capacity are bound to know. Bjorkstam v. Federal Land Bank, 138 Wash. 456, 244 P. 981; Whitaker v. Fulton (Tex. Civ. App.) 17 S.W.(2d) 1079 (writ refused); and, secondly, because of the rule that where a third person acts in collusion with the agent to defraud the principal, the latter will not be chargeable with any information which the agent receives pertaining to the transaction. 2 C. J. § 550, p. 871, and cases cited.

If we be correct in our conclusion that Davis was not the agent of the Federal Land Bank, then there is nothing in the record to show any knowledge on the part of the bank of any facts contrary to those set forth in the affidavits made by B. F. Zeigler and wife, V. P. Zeigler, and Cain.

Such being the facts, Zeigler and intervener, who is claiming under her mother, are estopped to now attack the validity of either the lien created by the

execution of the mechanic's lien contract on the 150-acre tract or the vendor's lien reserved in the deed of the 50-acre tract. Austin Real-Estate & Abstract Co. v. Bahn (Tex. Civ. App.) 27 S. W. 1047; Cain v. Bonner (Tex. Civ. App.) 149 S. W. 702; Garrett v. Katz (Tex. Civ. App.) 23 S.W.(2d) 436; Farm & Home Savings Loan Association of Mo. v. Muhl et ux. (Tex. Civ. App.) 37 S.W.(2d) 316, 317 (writ refused); Eylar v. Eylar, 60 Tex. 315; Heidenheimer Bros. v. Dennis Stewart et ux., 65 Tex. 321; Engell et al. v. Union Central Insurance Co. of Cincinnati, Ohio (Tex. Civ. App.) 81 S.W.(2d) 738.

 Appellants' position as to the nonexistence of any indebtedness is based upon the fact that a portion of the proceeds of an insurance policy was paid to the Federal Land Bank before a transfer of the February installment was made by the bank. It seems that Zeigler requested that these funds be applied to the payment of the February installment which was then delinquent, to the payment of taxes, and to the payment of the August installment when it became due. This the bank refused to do and instead applied the money on the principal and assigned the delinquent installment. The assignee of this installment then requested the trustee to sell which was done. The funds paid over to the bank being the proceeds of a policy on the 150-acre tract, it became the duty, unless the owner of the land agreed otherwise, to apply them to the payment of the past-due installment and retain the balance to be applied upon the remaining indebtedness as it fell due. 26 C. J. § 589, p. 441; Thorp v. Croto et al., 79 Vt. 390, 65 A. 562, 10 L. R. A. (N. S.) 1166, 118 Am. St. Rep. 961, 9 Ann. Cas. 58, and cases cited. If this had been done, and there is no suggestion in the record that Zeigler ever agreed that it should be applied to the payment of the undue principal, then there would have been no existing default.

Under this state of facts, what are the rights of the assignees of the February installment? It is undisputed that J. L. Zeigler when he took the assignment did so for the benefit of all the appellees except the bank and that they each contributed their respective shares toward the price paid.

J. L. Zeigler himself admitted knowing that the insurance had been paid, while Mrs. Wall, one of the parties for whom J. L. Zeigler was acting, testified that she knew that a part of the insurance money had been turned over to the bank.

With this knowledge they will be presumed to further know that it was the bank's duty to apply the money on the payment of the past-due installment and that therefore there was no default. Especially would this be true where the assignment was taken after the installment was past due.

The above facts not applying to the 50-acre tract, the judgment in so far as it is concerned will be affirmed. But the judgment decreeing the title to the 150-acre tract to be in appellees (except the bank) will be reversed and judgment here rendered setting aside the trustee's sale; that the deed given by said trustee be canceled; that the title and possession be awarded to B. F. Zeigler, subject, however, to the lien of the Federal Land Bank.

WALTHALL, J., did not sit in this case.