## HUGHES et ux. v. WRUBLE et al.

No. 13249.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 1, 1935.

Rehearing Denied Nov. 29, 1935.

W. L. Coley, of Fort Worth, for appellants.

J. W. Stitt and Homer L. Baughman, both of Fort Worth, for appellees.

DUNKLIN, Chief Justice.

John W. Hughes and Maude Hughes instituted this suit against John Wruble and Homer L. Baughman to enjoin them from selling, under a deed of trust, a house and lot in Chamberlain's Arlington Heights addition to the city of Fort Worth, on the ground that that property was their homestead at the time the deed of trust was executed, and therefore was void. The mortgage was given to secure the payment of a promissory note executed by the plaintiffs and duly acknowledged by them in accordance with the statutory requirements and was duly recorded in the records of deeds of Tarrant county.

Homer L. Baughman was named as trustee in the deed of trust and vested with power to sell the same to satisfy the note in case of default in its payment.

In reply, the defendant Wruble pleaded that the loan was made to the plaintiffs upon their representations at the time that the property was not their homestead, but that they were only occupying it temporarily, and that their homestead consisted of the west half of lot 30 and all of lots 31 and 32 in block 27 of the original plat of the city of Graham. It was alleged that those representations were made both orally and in the application for the loan of $2,800, which was the principal of the note sued on; that the defendants relied upon the truth of those representations and were induced thereby to make the loan, and that plaintiffs are now estopped to deny the validity of said mortgage lien. By cross-action the defendants sought a foreclosure of the lien evidenced by the mortgage and deed of trust.

Judgment was rendered denying plaintiffs the relief prayed for by them and awarding to the defendant Wruble judgment for the balance due upon the promissory note with foreclosure of the mortgage lien as prayed for. Plaintiffs have appealed.

The loan was made on November 23, 1931, which was the date of the note and also the deed of trust. In order to induce Wruble to make the loan, plaintiffs, John W. Hughes and Maude Hughes, made a written affidavit that they were temporarily occupying the Fort Worth property for the purpose of educating a son who was attending school; that prior to moving to Fort Worth they resided in Graham, where they occupied and claimed as their homestead the west half of lot 30 and all of lots 31 and 32 in block 37 of the original plat of the city of Graham; that they still claimed that property as their homestead, and that it had never been their intention to abandon the same as such, and that those representations were made to induce Wruble to make the loan of even date therewith, and that affiants knew that he was relying upon said representations as being true.

Upon the same day, plaintiffs executed a written designation of the Graham property as their homestead, which was duly acknowledged by them in accordance with the provisions of the statutes, and same was duly recorded.

H. L. Baughman, named as trustee in the deed of trust, conducted negotiations with the plaintiffs leading up to the consummation of the loan. He testified, in substance, that before the loan was made plaintiffs made representations to him to the same effect as those embodied in the affidavit mentioned above; that he communicated those representations to Wruble, and, relying upon the truth of the same, advised and recommended the making of the loan. The defendant Wruble testified, in substance, that he made the loan in reliance upon the truth of those representations.

In answer to special issues, the jury found that at the time the loan was made plaintiffs were occupying the property situated in Arlington Heights in the city of Fort Worth only temporarily; that they then claimed as their actual homestead the property in the city of Graham, which they had designated as their homestead. The jury further found that the defendants Wruble and Baughman made the loan and took the lien,

upon the Arlington Heights' property believing and relying upon the belief that plaintiffs still claimed as their homestead the Graham property and were induced to so believe and act by the representations made by plaintiffs that the Arlington Heights property was not their homestead.

The defense of estoppel was fully sustained by the jury's findings.

According to testimony given by appellants on the trial of the case, the property in the town of Graham, which was designated by them as their homestead, had been occupied and claimed by them as a homestead for a number of years, but had been disposed of before they moved to Fort Worth. And appellants insisted that since they were in actual possession of the property in controversy as a place of residence for their family with defendant's knowledge of such occupancy, defendant is in no position to say that he was misled to believe that the same was not in fact plaintiffs' homestead, notwithstanding plaintiffs' affidavit and oral representations to the contrary, and the written designation of the Graham property as a homestead.

Appellants rely particularly upon the decision of the Supreme Court in Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S.W. 12, to support their view. In that case the court denied the foreclosure of a mortgage lien upon property covered by the mortgage because of the defense of homestead. In order to induce the loan company to grant the loan, Blalock and wife represented that the property was not then used and had never been so used by them as their homestead, but that they resided on and claimed as their homestead another tract of land situated in Burnett county. The facts in that case show that the property described in the written designation had never in fact been occupied or claimed as a homestead, but that the property covered by the mortgage was at the time used and occupied by the mortgagors as their homestead and had been so used for many years prior thereto. And the Supreme Court held that the loan company could not shut eyes to that occupancy of the property and claim that it was misled to believe that it was not so occupied. That was the distinguishing fact in that case. In the present suit Wruble did not deny knowledge of plaintiffs' occupancy of the Fort Worth property, but he was induced to make the loan by plaintiffs' representations and affidavit that that occupancy was temporary only, and that they claimed as their homestead the property in Graham, on which they had in fact lived and claimed as a home for a number of years prior to moving to Fort Worth for the purpose of educating their son.

■ There was no finding by the jury that either Baughman or Wruble knew that plaintiffs had abandoned their former homestead in Graham, if they had done so, and it cannot be said that they did not have the right in good faith to rely upon the statement made by plaintiffs that they had never abandoned that property as a homestead but still claimed it as such. The burden was on plaintiffs to sustain their contention of homestead exemption, and the credibility of their testimony given on the trial as to their intentions, which was in direct conflict with their affidavit which induced defendants to make the loan, was for the jury. Galloway v. Moeser (Tex.Civ.App.) 82 S.W.(2d) 1067. We believe this case is distinguishable from the Blalock Case on the facts.

■ We conclude further that the evidence was ample to support the findings of the jury, noted above, and that the facts so found conclusively sustain the defense of estoppel urged by the defendants to plaintiffs' plea that the property covered by the mortgage was exempt from forced sale, under the doctrine of numerous cases of the appellate courts of this state, including the following: First Texas Joint Stock Land Bank v. Chapman (Tex.Civ.App.) 48 S.W. (2d) 651 (writ of error dismissed), and decisions there cited; Wehring v. Schumann (Tex.Civ.App.) 83 S.W.(2d) 1112; Galloway v. Moeser (Tex.Civ.App.) 82 S. W.(2d) 1067; Engell v. Union Central Insurance Co. (Tex.Civ.App.) 81 S.W. (2d) 738, and decisions there cited.

■ Special Issue No. 2 reads as follows:

"Do you find from a preponderance of the evidence that the plaintiffs, J. W. Hughes and wife, were only incidentally using the mortgaged property in Fort

Worth while the use of the other place in Young County was for the principal· purpose of a home?"

To which the jury answered, "Yes."

If it could be said that the word "incidentally," as used in that issue, was for any reason improper, the error, if any, was harmless, in view of the findings made in answer to the two preceding issues, to the effect that plaintiffs were occupying the property in Arlington Heights in the city of Fort Worth only temporarily at the time of the loan in question, and that at that time they claimed the Young county property, which they had designated their homestead, to be their actual homestead.

Accordingly, all assignments of error are overruled, and the judgment of the trial court is affirmed.

On Motion for Rehearing.

In our original opinion, the following was said: "According to testimony given by appellants on the trial of the case, the property in the town of Graham, which was designated by them as their homestead, had been occupied and claimed by them as a homestead for a number of years but had been disposed of before they moved to Fort Worth."

That statement was incorrect in this: The testimony of appellants on the trial of the case was to the effect that the property described in the written homestead designation in the town of Graham had never in fact been their homestead; that they had occupied another and different piece of property in Graham for fifteen years but had sold it and had used the proceeds in the purchase of the property covered by the mortgage in this suit. This is made as a correction of the quoted statement in our original opinion.

But the jury was authorized to reject that testimony of appellants in view of the fact that it was flatly contradicted by the sworn statements to the contrary in their application for the loan, and also by oral statements made to Baughman, attorney for the lender, to the same effect; appellants being interested witnesses. Parker v. Schrimsher (Tex.Civ.App.) 172 S.W. 165; Feary v. Railway Company, 162 Mo. 75, 62 S.W. 452; Fagan v. Texas Company (Tex.Civ. App.) 220 S.W. 346; Skiles v. Schropshire (Tex.Com.App.) 77 S.W.(2d) 872; Johnson v. Weed (Tex.Civ.App.) 52 S. W.(2d) 917.

In Texas Land & Loan Company v. Blalock, 76 Tex. 85, 13 S.W. 12, estoppel was pleaded against a defense of homestead urged to a foreclosure of a mortgage lien upon representations made by the borrowers which induced the lender to grant the loan, to the effect that the property covered by the mortgage had never been used or claimed by them as a homestead, but that they had designated as their homestead another and different tract of land, to wit, section 14 in Burnett county, on which they were then in good faith residing, and which was all the property they claimed as exempt. The effect of the holding was that the lender could not shut his eyes to the fact that the borrowers were at the time actually using the mortgaged property as a place of residence for their family and were not actually residing on and using the other tract as their homestead, notwithstanding representations to the contrary made in order to procure· the loan.

The present suit is distinguishable from that case in this: Although Wruble was charged with knowledge that plaintiffs were occupying the property in question as a place of residence for themselves and family, yet he had the right to rely on the statement made in the application and orally by plaintiffs to Baughman, representing the lender, that such use was temporary only, as found by the jury. Even though it be true, as testified to by the plaintiffs, that at the time they executed the mortgage they were claiming the property in controversy as their permanent homestead. and had never occupied the designated property in Graham as a homestead, there is nothing in the evidence which would charge Baughman with knowledge of those facts, in spite of plaintiffs' sworn application and their contemporaneous oral representations to the contrary, as was true in the Blalock Case.

With the foregoing corrections in our original opinion, the motion for rehearing is overruled.