MEYER et al. v. COCKCROFT.   (No. 221.)

(Court of Civil Appeals of Texas. Waco. May 14, 1925.)

1. **Appeal and error** ⚫⟹907(3))—Presumed in absence of statement of facts that trial court acted on sufficient evidence in overruling motion to dissolve temporary injunction.

Where, in an appeal from an order overruling a motion to dissolve a temporary injunction, no statement of facts was included, Court of Civil Appeals will presume the trial court, having heard evidence on the motion, acted on sufficient evidence in overruling it.

2. **Appeal and error** ⚫⟹954(1)—Injunction ⚫⟹ 135, 161—Action of trial court toward temporary injunctions discretionary and final unless in abuse of discretion.

The granting or refusing a temporary injunction or dissolving or refusing to dissolve such injunction rests largely within the sound discretion of the trial court, and will not be revised unless it is apparent that such discretion was abused.

3. **Execution** ⚫⟹170—Overruling motion to dissolve a temporary injunction, establishing status quo in sale of disputed land, held proper.

A judgment creditor claimed that his lien on certain land was superior to his debtor's right of homestead exemption from levy and sale; *held* that, action of trial court on overruling motion to dissolve temporary injunction restraining such sale was proper; injunction merely maintaining the status quo pending trial of the issues.

Appeal from District Court, McLennan County; Richard I. Monroe, Judge.

Action by W. H. Cockcroft against R. F. Meyer and another to restrain them from selling under an execution. From an order overruling a motion to dissolve a temporary injunction, defendants appeal. Affirmed.

Nat Harris, of Waco, for appellants.

Howell L. Taylor, of Waco, for appellee.

GALLAGHER, C. J. This is an appeal from an order overruling a motion to dissolve a temporary injunction. Appellee, W. H. Cockcroft, brought suit in the district court against appellants R. F. Meyer and Leslie Stegall, sheriff of McLennan county, to restrain them from selling under execution a certain lot of land in the city of Waco. Appellee alleged that he purchased said property on the ―――― day of ――――, 1924; that at the time of said purchase he was a married man and the head of a family; that he purchased the same for the express purpose of living upon the same as a home; that he did not own at the time of said purchase, nor at the time of filing his petition herein, any other real estate, and that he did not have any other homestead; that he intended to move his family onto said property and to occupy and use the same as a home as soon as it was in a state of repair. He further alleged that appellant Meyer held an unsatisfied moneyed judgment against him; that said Meyer had caused an execution to issue thereon, and had placed the same in the hands of appellant Stegall, as sheriff, and that said sheriff, notwithstanding said property was exempt from levy and sale, had, on August 21, 1924, levied such execution thereon, and had advertised the same for sale on the succeeding sale day, and would sell the same at that time unless restrained. He prayed for the immediate issuance of a temporary injunction, restraining said threatened sale, and that on hearing such injunction be made perpetual. The court granted a temporary injunction as prayed.

Appellants thereafter filed a motion to dissolve said temporary injunction, in which motion they alleged that the appellant Meyer had theretofore recovered a certain judgment against appellee; that said judgment remained in part unsatisfied; that said appellant had caused an abstract of judgment to be filed in the abstract of judgment records of McLennan county, Tex., in accordance with the provisions of law, and had thereby acquired a lien on said property superior to the right of exemption claimed by appellee; that said lien was valid and subsisting at the date of the levy of said execution. Appellant in said motion contended that the intention with which appellee purchased said property did not and could not supersede the lien acquired by the filing of said abstract of judgment, and that the fact that appellee was then occupying and using said property as a home did not exempt the same from sale under said execution.

[1] The court heard said motion, and entered an order overruling the same. Such order recites that evidence was heard thereon. No statement of facts has been filed in this court. The petition and motion to dissolve, considered together, do not show the date of the purchase of the property by appellee nor the date of the filing of the abstract of judgment by appellant Meyer. Neither do the same, or either of the same, show what, if anything, appellee had done or was at the time of the levy of said execution doing, in the way of preparing the property for occupancy as a home. Appellants contend in a written argument filed herein that appellant Meyer's abstract of judgment was on file at the time appellee acquired title to the property, and that a lien in his favor attached

instantly, and that the mere intention of appellee to subsequently repair said property and occupy the same as a home was wholly ineffectual to exempt the same from such judgment lien. The facts on which such contention is based do not affirmatively appear. For all that appears in the record, said abstract of judgment might have been filed after appellee purchased the property, and while he was actively engaged in preparing and fitting the same for use and occupancy as a homestead for his family. The court having heard evidence on the motion to dissolve, we must presume, in the absence of a statement of facts, that the evidence was sufficient to justify his action in overruling such motion.

[2, 3] Granting or refusing a temporary injunction, or dissolving or refusing to dissolve such injunction, rests largely within the sound discretion of the trial court, and will not be revised unless it is apparent that such discretion was abused. Davidson v. Wells (Tex. Civ. App.) 233 S. W. 518, 520; Sutherland v. City of Winnsboro (Tex. Civ. App.) 225 S. W. 63, 64; Tyree v. Road District (Tex. Civ. App.) 199 S. W. 644, 650; Pavey v. McFarland (Tex. Civ. App.) 234 S. W. 591, 594. The effect of the injunction complained of in this appeal is merely to preserve the existing status until regular trial of the issues involved in this suit can be had. There is nothing to indicate that the trial court abused his discretion in overruling the motion to dissolve, and his action in doing so is affirmed.