## HUDSON v. KERBY. (No. 657.)

Court of Civil Appeals of Texas. Waco.
April 19, 1928.

1. Judgment ⊗⇒443(1)—Equitable action may be maintained to reopen case wherein party was prevented by fraud, accident, or mistake from prosecuting or defending suit.

Where a party has been prevented by fraud, accident, or mistake from prosecuting a suit or making his defense, and an opportunity has not been afforded him for moving for a new trial during the term, he may bring an equitable action after its close to reopen case and dispose of litigation on its merits.

2. Injunction ⊗⇒135, 161—Granting or refusing temporary injunction, or dissolving, or refusal to dissolve, such injunction, rests largely in discretion of trial court.

Question of granting or refusing a temporary injunction, or dissolving, or refusing to dissolve, such injunction, rests largely within sound discretion of trial court, and action will not be revised, unless it is apparent that such discretion was abused.

3. Execution ⊗⇒172(6)—Overruling motion to dissolve temporary injunction restraining sale of property under execution until hearing petition to set aside judgment held not abuse of discretion.

Where allegations in motion to have judgment set aside, if true, were sufficient for trial court, in exercise of its discretion, to set aside judgment, court did not abuse discretion in overruling motion to dissolve temporary injunction restraining sale of property under execution until determination of petition to set original judgment aside.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Suit by W. B. Kerby against Z. B. Hudson. Judgment for plaintiff, and defendant appeals. Affirmed.

L. W. Shepperd, of Groesbeck, for appellant.

W. W. Mason, of Mexia, for appellee.

BARCUS, J. In November, 1927, appellant recovered judgment against appellee in the county court of Limestone county for $402.08, and in December had an execution issued thereon and levied upon certain property of appellee. Appellee filed this suit for the purpose of setting aside the judgment which had been rendered against him in November, 1927, and asked for a temporary injunction restraining appellant from having said property sold until the court could hear and determine his petition to have said original judgment set aside. The trial court granted the temporary injunction, and overruled appellant's motion to dissolve same, and continued said temporary injunction in effect until the case could be heard and determined on its merits. This is an appeal by appellant from the order of the trial court refusing to dissolve the temporary injunction.

[1-3] Without stating in detail the substance of appellee's allegations in his motion to have the judgment rendered against him in the county court in November, 1927, set aside, we think that the allegations therein set forth, if true, are sufficient for the trial court, in the exercise of its discretion in such matters, to set said judgment aside and give appellee an opportunity to have his case heard and determined on its merits. It has always been the law in Texas that, where a party has been prevented by fraud, accident, or mistake from prosecuting his suit or making his defense, and an opportunity has not been afforded him for moving for a new trial during the term, he may bring an equitable action after its close to reopen the case and dispose of the litigation upon its merits. J. W. Crowdus Drug Co. v. Turner (Tex. Civ. App.) 270 S. W. 1041, and authorities there cited. The question of granting or refusing a temporary injunction, or dissolving, or refusing to dissolve, such injunction, rests largely within the sound discretion of the trial court, and will not be revised, unless it is apparent that such discretion was abused. Meyer v. Cockcroft (Tex. Civ. App.) 273 S. W. 665, and authorities there cited. The effect of the temporary injunction granted in this case, from which the appeal is perfected, is merely to preserve the existing status between the parties until the case can be heard on its merits. We do not think the trial court abused his discretion in overruling the motion to dissolve the temporary injunction.

The judgment of the trial court is affirmed.