## DALLAS JOINT STOCK LAND BANK OF DALLAS v. DAVIS et al.

### No. 1637.

Court of Civil Appeals of Texas. Waco.

June 21, 1934.

990

Renfro, Ledbetter & McCombs, of Dallas, for appellant.

W. V. Dunnam, of Waco, and L. D. Johnston and G. Goodwin Sweatt, both of Waxahachie, for appellees.

GALLAGHER, Chief Justice.

This is an appeal from an order of the district court of Ellis county, overruling a motion to dissolve a temporary injunction. Appellees, J. W. Davis and wife, Dossia Davis, and J. H. Davis and wife, Mattie Davis, instituted this suit to set aside a judgment rendered against them in said court on September 8, 1933, in favor of appellant bank for title to and possession of two tracts of land in said county, one of which was alleged to contain 230 acres and the other 50 acres. Appellees alleged that they used and occupied jointly said two tracts of land as their respective homesteads. Appellees alleged that they purchased said tracts of land in 1930; that the larger tract was at that time incumbered with a lien to secure an indebtedness of $8,-500 owed by their grantors to appellant; and that the smaller tract was incumbered with a like lien to secure an indebtedness of $2,500. Appellees further alleged that large sums had been paid by their vendors and by them on such indebtedness; that in the early part of the year 1932, appellant demanded that they pay to it the sum of $770, though nothing was in fact due on said indebtedness at the time; that they were unable to pay the amount demanded, but did raise and pay to appellant the sum of $300, and that appellant assured them that no action to subject said land to the satisfaction of said indebtedness would be taken before January 1, 1933; that notwithstanding said assurance, appellant, without notice to appellees and without their knowledge, on December 6, 1932, caused said land to be sold by a substitute trustee appointed by it, at which sale appellant became the purchaser for a grossly inadequate sum, which was also much less than the indebtedness claimed by it against said land. Appellees charged that said sale was illegally made and that the same was for various specific reasons wholly void, and that no title passed to or vested in appellant as the result of its purchase at such sale. Appellees further alleged that thereafter appellant instituted suit against them, and each of them, in trespass to try title to recover said land; that appellant, for the purpose of inducing said J. W. and J. H. Davis to agree to the entry of a judgment in its favor for the recovery of said land, promised and agreed that they might discharge all its claims against the same by the payment of the amount legally enforceable against such land, without charge for attorney's fees, and by such payment redeem said land; that appellant in that connection further promised and agreed that they should have a reasonable time thereafter in which to raise the money to make such payment and thereby effect such redemption; that said J. W. and J. H. Davis, believing such promise and agreement were made in good faith and relying thereon, did consent to the entry of such judgment. Appellees further alleged that neither Mrs. Dossia Davis nor Mrs. Mattie Davis was present when said agreement was made and said judgment entered, and that neither of them consented thereto. Appellees further alleged that appellant, at the time it made such promise and agreement, did not intend to comply therewith, but fraudulently intended to violate the same; that thereafter, on or about January 1, 1934, appellant caused the issuance of a writ of possession on said judgment and placed the same in the hands of an officer and demanded that he execute the same. Appellees further alleged that appellant, at the time it made such promise and agreement, knew that appellees would be compelled to raise the money to discharge its claims by securing a new loan on said land, and that on account of the great financial stress and depression existing at the time, it was difficult to procure a new loan, and that the time which elapsed from the en-

try of said judgment on September 8, 1933, to the issuance of said writ of possession on January 1, 1934, was wholly inadequate for such purpose and that such period was not a reasonable time in which to raise funds with which to discharge appellant's claims and redeem their land. Appellees' pleadings were voluminous and a full recital of the allegations contained therein is impracticable. Said pleadings were duly verified.

The court, upon consideration of appellees' petition, granted a temporary injunction restraining appellant and the officer in whose hands it had placed such writ of possession from executing the same pending the trial of the cause on its merits. Appellant filed a motion to dissolve said injunction, and alleged affirmatively that the judgment of September 8, 1933, was a full compromise and settlement of all controversies between the parties thereto, and that such judgment provided that process should not issue thereon until January 1, 1934. Said allegations were verified. The motion to dissolve the injunction was presented on the verified pleadings of the parties and a small amount of supplemental testimony. Appellee J. H. Davis testified that no agreement was reached with reference to what would constitute a reasonable time in which to redeem the land and at the expiration of which time, failing to redeem, they should surrender possession thereof. There was no testimony that the issuance of a writ of possession on January 1, 1934, was discussed between the parties. Neither does the testimony disclose who prepared the judgment which was actually entered in the cause. Said witness testified that he read the same. There was no testimony that appellee J. W. Davis knew anything about the provision for the issuance of writ of possession contained in said judgment. Appellant introduced a witness who testified that the judgment correctly reflected the agreement of the parties. The testimony showed affirmatively that neither Mrs. Dossia Davis nor Mrs. Mattie Davis, who were parties to said suit and who were residing on said land and claiming homestead rights therein, was present at the time said judgment was agreed upon or entered, or that they ever, with knowledge of its provisions, ratified the same. The court overruled the motion to dissolve. Hence this appeal.

### Opinion.

An interlocutory injunction is a provisional remedy, allowed before a hearing on the merits, with the sole object to preserve the subject in controversy in its then existing condition. It merely prevents the doing of any act whereby the right in controversy may be materially injured or endangered before a final decree can be entered by the court. The rights of the parties are not concluded by the interlocutory order entered, as its entry is not dependent upon the adjudication of the merits of the case. In general, it may be stated that it is the duty of the trial court to grant a temporary injunction when it is made to appear that there is a substantial controversy between the parties and that one of the parties is committing an act or is threatening the immediate commission of an act that will destroy the status quo of the controversy before a full hearing can be had on the merits of the case and final judgment pronounced. On motion to dissolve an injunction so granted the same considerations control, and on appeal from an order overruling such motion the sole question presented is whether the trial court abused its discretion in entering the same. City of Farmersville v. Texas-Louisiana Power Co. (Tex. Civ. App.) 33 S.W.(2d) 272, 274, pars. 1 to 6, inclusive; James v. E. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959, 960, par. 3; Meyer v. Cockcroft (Tex. Civ. App.) 273 S. W. 665, 666, par. 2, and authorities there cited; City of Waco v. Grimes (Tex. Civ. App.) 279 S. W. 312, 314, par. 2; Hudson v. Kerby, 5 S.W. (2d) 1007. The temporary injunction which appellants moved to dissolve merely preserved the status quo pending a trial upon the merits, and there is nothing in the record indicating that such a trial could not have been promptly had.

Upon consideration of the whole record, we have reached the conclusion that no abuse of the trial court's discretion in the overruling of the motion to dissolve is shown, and such judgment is therefore affirmed.