### WILKENFELD v. BALLARD.
### No. 10327.

Court of Civil Appeals of Texas. Galveston.
May 17, 1935.

Rehearing Denied June 6, 1935.

280

Albert Stein, of Houston, for appellant.

Fowler & Conn, of Houston, for appellee.

GRAVES, Justice.

While no written opinion is required under the disposition determined upon for this cause, in deference to the helpfulness of both sides in ably arguing and briefing it, this brief résumé of the grounds upon which an affirmance has been ordered is made:

The appeal is from an order of the court below refusing to dissolve a temporary injunction theretofore granted, as follows:

"In Chambers:

"On this the 20 day of March 1935, came on to be heard the application of plaintiff in the above styled and numbered cause for an injunction and it appearing to the Court that same should be granted now, therefore,

"It is ordered, Adjudged and Decreed by the Court that the Sheriff of Harris County, Texas, and the defendant, J. Wilkenfeld, be and are hereby temporarily enjoined from levying the writ of execution issued in cause No. 37,391, until such further orders of the Court, upon the plaintiff giving a good and sufficient bond, conditioned as required by law in the sum of $1,000.00.

"Frank. Williford, Jr.,
"Judge, County Court at Law No. 2, of Harris County, Texas."

This order was entered in cause No. 38350 in the same court, wherein this appellee (referred to in the quoted order as plaintiff) had sued the appellant here (referred to in the order, supra, as defendant) seeking to set aside a default judgment in a trial of the right of property proceeding between the same parties in another suit, that is, No. 37391 in the county court at law of Harris county, which appellee in his suit No. 38350 charged had been procured by fraud, hence was void and an improper judgment; in further application for the quoted writ, appellee had at length and with particularity set out, in attacking the validity of the default judgment rendered against him in No. 37391, that counsel for the appellant and himself as counsel for the appellee had had a distinct and definite agreement between them that no trial in the No. 37391 suit

would be had without advance notice thereof being furnished to appellee's counsel, which agreement had been violated by opposing counsel and such judgment obtained therein against appellee in the absence of the latter's attorney and when he was ill and relying upon the agreement to the contrary so made with the appellant's attorney.

The judgment in No. 37391, execution on which was thus temporarily enjoined in the quoted order, had given the appellant, Wilkenfeld, herein a recovery against the appellee, Ballard, for the possession and value of an automobile, over the title to which they were therein litigating.

On this appeal, in inveighing against the trial court's refusal to dissolve the quoted order, appellant urges that it was not affirmatively alleged that the court below had jurisdiction of the subject-matter—that is, to set aside the judgment in the prior cause No. 37391—that there was no proper prayer for the temporary injunction granted, that the pleadings therefor were neither sufficient to support it nor any other character of injunction, that the alleged agreement between counsel, the violation of which was charged to have resulted in the judgment sought to be set aside, was unenforceable because not in writing, and that the extraordinary relief so afforded, being without notice to appellant and ex parte, was erroneous for the lack of sufficient pleading.

■ None of these contentions can be sustained. In the first place, this appellee's petition in No. 38350 unmistakably shows that the subject-matter of his suit therein was to set aside a judgment in suit No. 37391 that had been rendered by a court of precisely the same jurisdiction; that is, by the statute itself, of which the court will take judicial notice, to wit, R. S. art. 1970, subd. 96, the jurisdiction of the county court at law No. 2 of Harris county was made concurrent with and in all things equal to that of the county court at law of Harris county, wherefore the allegations as to jurisdiction were sufficient; furthermore, on a motion to dissolve a temporary injunction such as this was, all reasonable intendments will be indulged in favor of the power of the court to .act, since the controlling· question upon appeal from the overruling of such motion is whether or not the wide discretion of the trial court was abused. Dallas Joint Stock Land Bank v. Davis (Tex. Civ. App.) 73 S.W.(2d) 989.

■ In the next place, it is not fatal to this order that appellee's petition seeking it did not eo nomine specify the kind of an injunction he sought, since in the circumstances and in the nature of the case itself, as fully appears from the context in the application, only a temporary injunction could have been meant or issued; accordingly, it was not indispensable that more explicit pleading be made, since under what was declared upon nothing but a temporary injunction could have been granted anyway; this differentiates the case from those cited by the appellant, in which a permanent injunction was prayed for, the prayer in this instance containing nothing of the sort, but being as follows:

"Wherefore, premises considered, plaintiff prays the Court that an injunction issue, restraining and enjoining the ·Sheriff of Harris County, Texas, and the defendant herein, from levying said execution or attempting to levy said execution, and that, on hearing, said judgment be set aside and that the same be decided upon its merits, and for costs and such further relief both at law and in equity, that he may be entitled to."

See these authorities: Hoskins v. Cauble (Tex. Civ. App.) 198 S. W. 629; Yellow Cab & Baggage Co. v. City of Amarillo (Tex. Civ. App.) 20 S.W.(2d) 855; Railroad Commission of Texas v. Real (Tex. Civ. App.) 80 S.W.(2d) 494.

■■ In the third place, there was ample pleading upon the appellee's part to justify the staying of execution on the judgment sought to be set aside in cause No. 37391, because it was specifically alleged that that judgment was improperly rendered, in that it was done through fraud and overreaching of appellee's attorney by the attorney for the appellant here, under circumstances which prevented his knowing of the imposition until after the default judgment itself had been entered; furthermore, the fact that such alleged violated agreement had been oral, instead of written, did not stand in the way. Camden Fire Ins. Co. v. Hill (Tex. Com. App.) 276 S. W. 887.

■ Neither can it properly be said that the appellee had declared upon no meritorious defense in himself against the default judgment he so sought to have set aside because at the time he had filed a claimant's oath and bond for the automobile involved therein, claimed to be owned by him and in his possession, in that ·cause—that is, No.

37391 in which the default judgment was taken against him—a levy of the enjoined execution was being attempted on the automobile, when the appellee here had never been a party to the foreclosure suit against other parties through which this appellant was asserting his right to it; in other words, whatever right or claim appellant was asserting against the automobile grew out of litigation between himself and others to which this appellee was not a party, he holding an independent title to the car and being in possession thereof; in such circumstances this rule of law laid down in Craven v. Buchanan (Tex. Civ. App.) 248 S. W. 89, 91, is applicable: "Without entering into a discussion of this proposition, it is sufficient to say that in the instant case the writ of possession was against Simms and those claiming under him, and did not authorize the sheriff to take the automobile from the owner of same, who was not a party to the suit of Craven v. Simms." See, also, Campbell v. Ulch, 24 Tex. Civ. App. 618, 60 S. W. 272, and Perryman v. Rayburn (Tex. Civ. App.) 30 S. W. 915.

Finally, the fact that the writ was granted without notice and ex parte does not invalidate it, since it is well settled such action is not beyond a sound discretion in the trial court where it reasonably appears that otherwise the applicant therefor will suffer an irreparable injury.

The judgment has been affirmed upon the conclusion that no lack of jurisdiction nor abuse of discretion was shown.

Affirmed.