JOHN W. HUGHES ET UX. v. JOHN WRUBLE ET AL.

No. 7038.  Decided May 11, 1938.
(116 S. W., 2d Series, 368.)

*W. L. Coley,* of Fort Worth, for plaintiff in error.

The visible circumstances that plaintiffs in error were using and occupying the premises in controversy as their homestead was notice to Wruble and Baughman of its homestead character, and, therefore, the affidavit of homestead designation signed by Hughes and wife, did not present a jury issue, and the trial court should have given the peremptory instruction requested by Hughes and wife, and the Court of Civil Appeals erred in not so holding. Bayless v. Guthrie, 235 S. W. 843; Eldridge v. Poirier, 50 S. W. (2d) 888.

*J. W. Stitt,* of Fort Worth, for defendant in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

John W. Hughes and his wife, Maude Hughes, filed suit against John Wruble and Homer L. Baughman to enjoin a sale

under the power conferred by a deed of trust in which Baughman was trustee, of a house and lot in Chamberlin's Arlington Heights Addition to Fort Worth. Defendants' as plaintiffs in a cross action filed by them, sought judgment on the note in question and a foreclosure of the alleged deed of trust lien. The trial court gave judgment for the balance due on the note and for foreclosure as prayed for in the cross action. The Court of Civil Appeals affirmed the judgment of the trial court. 88 S. W. (2d) 661.

Wruble pleaded estoppel on the part of Hughes and his wife to assert that the Arlington Heights property was their homestead, and denied that it was their homestead.

The jury found in response to special issues that Hughes and his wife at the time they procured the loan were occupying the Arlington Heights property "only temporarily for the purpose of sending their son to school"; that at such time they claimed as "their actual homestead" certain property in Young County, which they designated as such in the transaction in which the loan was procured; that their use of the Arlington Heights property in which they were then residing was only incidental, while the use of the other place in Young County was for the principal purpose of a home; that Wruble in taking a lien upon the Arlington Heights property did so believing, and relying upon the belief, that Hughes and his wife claimed their homestead to be in Young County and that he was induced to make the loan by representations made by both Hughes and his wife that the Arlington Heights property was not their homestead.

Judgment was rendered in favor of Wruble in keeping with its view that the defense of estoppel urged by him is sustained by the findings of the jury.

It will be noted that it appears from the findings that Mr. and Mrs. Hughes had two places of residence, one in Fort Worth which they were occupying temporarily when the loan was made, the use of which was only incidental, and one in Young County (at Graham), which was for the principal purpose of a home. It is uncontroverted that Mr. and Mrs. Hughes moved from Graham to Fort Worth about four years before the loan was made and that they made the move for the purpose of educating their son in Texas Christian University located in that city; that they moved from a home in Graham which they had lived in several years before making the move, and that they moved from there into the Fort Worth residence, which they purchased at

the time of making the move. Mr. Baughman who negotiated with Mr. Wruble for the loan testified that he asked Hughes if he and his wife could make affidavit that their homestead was at Graham and that they intended to return to it, and that Mr. Hughes replied: "Well, those are the actual facts about the matter, and my wife and I can both swear that those facts are true." Thereupon Baughman after ascertaining from Hughes the location of the Graham property, prepared, and Mr. and Mrs. Hughes executed, on November 23, 1931, a designation of a house and lot in Graham as their homestead. The designation, omitting formal parts, reads:

"That we, J. W. Hughes and wife, Mrs. Maude Hughes, being the owners of more land in the State of Texas than is exempt under the Constitution and laws of this State, and being desirous of designating and setting aside our homestead which we are entitled to under the Constitution and laws of this State, do hereby set apart and designate, as the homestead to which our family is entitled under the Constitution and laws of this State, exempt from forced sale, all that certain tract or parcel of land situated in Young County, Texas, described as follows:

"The West 1/2 of Lot No. 30 of all of Lots Nos. 31 and 32 in Block No. 37, of the original plat of the City of Graham in Young County, Texas."

It appears to be uncontroverted that the property described in the designation is the house and lot Mrs. Hughes owned at Graham. On the same date the designation was executed they executed an affidavit which, omitting formal parts, reads:

"That they are the identical parties who have this day borrowed from John Wruble $2800.00 giving as security for said loan a deed of trust lien on

"Lots Nos. 7 and 8 in Block No. 97, Chamberlin's Arlington Heights "First Filing" an Addition to the City of Fort Worth in Tarrant County, Texas;

that they are temporarily occupying said property for the purpose of educating a son who is now attending T.C.U.; that prior to moving to Fort Worth they resided in Graham in Young County, Texas, where they owned property which they occupied and claimed as their homestead; that they still claim said property as their homestead and have this day executed a designation of said property in Graham, Texas, as their homestead, which homestead consists of the

"West 1/2 of Lot No. 30 and all of Lots Nos. 31 and 32 in Block 37, of the original Plat of the City of Graham in Young County, Texas;

that it has never been their intention to abandon said property in Graham, Texas, as above described, as their homestead, and that they still consider the same their homestead.

"The above representations are made to induce the said John Wruble to make said loan to us, of even date herewith, and we know that he is relying upon said representations as being true in making said loan."

Mrs. Hughes testified that they had sold the home they were occupying when the family moved to Fort Worth, and that they had not theretofore occupied in Graham any home other than that. This testimony is in conflict however with the statement of both Mr. and Mrs. Hughes set out in the affidavit that "prior to moving to Fort Worth they resided in Graham, Young County, where they owned property which they occupied and claimed as their homestead; [and] that they still claim *said* property as their homestead and have this day executed a designation of *said* property in Graham, Texas, as their homestead." (Italics ours.) The jury in finding that the use of the Young County place was for the "principal purpose of a home," and that the "temporary use" of the Arlington Heights property was "only incidental," accepted as true the statement in the affidavit that Mr. and Mrs. Hughes had claimed and occupied as a home before moving to Fort Worth the property described in the designation and affidavit. As stated above the property described in the instruments referred to is the Graham property owned by Mrs. Hughes.

1   The facts found by the jury bring the case under the holdings of this Court in Parrish v. Hawes, 95 Texas 185, 66 S. W. 209; Carstens et al. v. Landrum, (Com. App.) 17 S. W. (2d) 803; First Texas Joint Stock Land Bank v. Chapman, 48 S. W. (2d) 651, and other cases of like character, holding, as stated by Judge HARVEY in the Carstens case, that "where the tangible facts respecting two places are such that the homestead character will attach to either, to the exclusion of the other, according as the husband and wife intend, a declaration of the spouses of their intentions in this respect may estop them from disputing the truth of the declaration."

2   The case of Texas Land and Loan Co. v. Blalock et al., 76 Texas 85, 13 S. W. 12, is clearly distinguishable from this case in that the statement there relied upon as an estoppel is to the effect that the family was then residing on the property designated as the home, whereas it was undisputed upon the trial of that case that the family was not then occupying, and had never

occupied, the designated property as a home. This Court held that regardless of the declaration in the deed of trust as to where the family was then residing the lender "could not shut its eyes" to the visible fact of occupancy, which was obviously in direct contradiction of such declaration. There is no such contradiction here. The affidavit declaration and designation relied upon in the present case as constituting an estoppel are wholly consistent with the visible occupancy of the Fort Worth property. A state of facts more nearly similar to those controlling the Blalock case would be presented here if the jury had accepted as true the testimony to the effect, fairly interpreted, that the Graham property *had never been* occupied by the family as a home. The jury reached the conclusion, consistent with the statement in the affidavit, relating to the occupancy of the Graham property and that it had never been the intention of the Hughes "to abandon said property in Graham, Texas, * * *," and that they still considered "the same their homestead." In other words the visible occupancy of the Fort Worth property was temporary only, and "the actual homestead" of the family was the Young County property described in the designation and affidavit.

The defense of estoppel pleaded by Wruble was established. The holding of the Court of Civil Appeals is correct, and its judgment affirming that of the trial court, is affirmed.

Opinion adopted by the Supreme Court May 11, 1938.