**HAILE et ux. v. FEDERAL LAND BANK OF HOUSTON et al.**

No. 1969.

Court of Civil Appeals of Texas. Eastland.

Jan. 5, 1940.

Rehearing Denied Feb. 2, 1940.

Y. W. Holmes, of Comanche, for appellants.

Carl Runge and J. V. Wheat, both of Houston, for appellees.

FUNDERBURK, Justice.

I. H. Haile and wife, while owning and occupying as their home a certain 156-acre tract of land, acquired a 480-acre tract about two miles distant from the former. Forty-four (44) acres of the 480-acre tract, separated by fences from the remainder, had situated upon it a dwelling house into which the Hailes moved from the 156 acre tract. Subsequently, while occupying the 480-acre tract, for all purposes of a homestead, Haile and wife executed a deed of trust upon it, excepting, however, the 44 acres upon which said dwelling house was located, said 44 acres, with the 156-acre tract upon which they had formerly lived, they declared to be their homestead, and in the deed of trust recited a dedication of the same as such. The Federal Land Bank of Houston, to secure which the deed of trust was executed, upon due foreclosure sale, became the purchaser of the land.

' I. H. Haile and wife brought this suit, being an action in trespass to try title, against the said Federal Land Bank of Houston, and others, to recover 156 acres of the land covered by the deed of trust based upon the claim that the deed of trust was void because the land to the extent of the 156 acres was part of the homestead of the plaintiffs.

Issues were duly joined (1) as to whether the land was part of the homestead of plaintiffs, and (2) if so, whether the plaintiffs were estopped to claim the land as such.

In a non-jury trial the court rendered judgment for defendants and against the plaintiffs, from which the latter have appealed.

It is uncontroverted that the 44 acres upon which the plaintiffs were living, when the deed of trust was executed, was a part of their homestead. Whether 156 acres contiguous thereto, being likewise a part of the 480-acre tract, was also a part of the homestead, constituted one of the issues which the plaintiffs had the burden of establishing. If under the evidence such issue was one of fact it was determined against the plaintiffs and the judgment, at least insofar as it is attacked by this appeal, was proper. The judgment was improper only if the 156 acres in suit was, under the uncontradicted evidence, as a matter of law, a part of the homestead at the time of the execution of the deed of trust.

We think the issue was one of fact. It was made an issue of fact in this way. The disconnected 156 acres had been the homestead of plaintiffs. It was still a part of plaintiffs' homestead when the deed of trust was given, unless it had been abandoned. Whether it had been abandoned was dependent upon the good faith intention of I. H. Haile. The occupancy and use by the Hailes of the disconnected 44-acre tract was, if any evidence, certainly no conclusive evidence of an abandonment of the 156-acre tract as homestead. By changing their actual dwelling place from the 156-acre tract to the disconnected 44-acre tract any question that the 44-acre tract had become part of the homestead was obviated; but such fact alone was no evidence of an abandonment of the homestead as it previ-

ously existed. Both facts were entirely consistent. The character of use made of the 156-acre tract after plaintiffs moved from same to the 44-acre tract is believed to be of no conclusive importance. Even if there was absolutely no use made of it, that did not show conclusively that it had been abandoned as a homestead. To effect that result there would have to be a concurrence of both a cessation of use and the absence of any intention to resume such use. At the time of the execution of the deed of trust in question if a writ of execution had been levied upon the 156-acre tract formerly occupied as the home of plaintiffs, can it be doubted that the plaintiffs could have defeated it by establishing the absence of intention to abandon it? We think not. It is deemed unnecessary to enter upon any extended discussion of the subject. The decision in Hughes v. Wruble, 131 Tex. 444, 116 S.W.2d 368, seems to be conclusive. That was a case wherein the homestead question arose upon a mortgage given while the homestead claimants were actually using the mortgaged property for the purposes of a home. In that respect it was the same as the instant case viewed from the standpoint of the appellants. The proposition was reaffirmed and applied as declared in Carstens v. Landrum, Tex.Com.App., 17 S.W.2d 803, 804, that "where the tangible facts respecting two places are such that the homestead character will attach to either, to the exclusion of the other, according as the husband and wife intend, a declaration by the spouses of their intentions in this respect may estop them from disputing the truth of the declaration."

In Texas Pacific Coal & Oil Co. v. Guthrie, Tex.Civ.App., 100 S.W.2d 125, 130, we recognized certain decisions as "apparently supporting the proposition that if a homestead claimant once having a homestead admittedly or conclusively shown, testifies that ever since the cessation of occupancy or actual use thereof as a homestead he has at all times had the intention to again resume such occupancy or use as a home, a question of fact is presented which is required to be submitted to the jury." Our conclusion that Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S.W. 12, and other decisions cited, were distinguishable from the cases to which that proposition was applicable was, in effect, overruled by the Supreme Court. Guthrie v. Tex. Pac. Coal & Oil Co., Tex.Com.App., 122 S.W.2d 1049.

 It would seem to be a just appraisal of the result of the last named decision that the doctrine of the Blalock case as applicable to the question at issue is now limited to cases wherein there is presented no issue as to the abandonment of a former homestead. In other words, in any case in which the evidence raises any such issue, then also by the same evidence is raised a question of fact as to the homestead character of property actually occupied at the time of the execution of a mortgage thereon.

Being of the opinion that there was no error in the action of the court in any respect of which complaint is made, and that the judgment should be affirmed, it is accordingly so ordered.