## SIPE v. SAYER et al.

### No. 2002.

Court of Civil Appeals of Texas. Eastland.
March 29, 1940.

Appeal from District Court, Fisher County; W. R. Chapman, Judge.

Dissenting opinion.

For majority opinion, see 140 S.W.2d 297.

FUNDERBURK, Justice (dissenting).

In my opinion, the plaintiffs prayed for a temporary injunction. They prayed that "writ of injunction issue out of this court, restraining defendants, and each of them, from selling said property so illegally levied upon * * *." Standing alone, that part of the prayer could, of course, have referred either to a preliminary injunction or a permanent injunction, but its meaning is made certain, I think, by the succeeding

clauses reading: "and that defendants be cited to appear and answer, and that *upon final hearing that said injunction be made permanent.*" (Italics ours). The first part of the prayer was for an injunction which, as shown by the last part, it was desired by the final judgment to be made permanent. That, I think, sufficiently identifies the injunction first prayed for as a temporary injunction. Temple Ind. Sch. Dist. v. Proctor, Tex.Civ.App., 97 S.W.2d 1047; Wilkenfeld v. Ballard, Tex.Civ.App., 84 S.W.2d 279.

I am further of the opinion that the honorable trial judge's conclusions of fact required the conclusion of law that the 140 acres owned by W. R. Sipe was exempt as a homestead, and, therefore, that the temporary injunction should have been granted as to said 140 acres, the same as the other tract.

The finding showed a partition of 420 acres in such a way that W. R. Sipe became the owner in severalty of the west 140 acres; that he "at once, with his brothers, marked off the west 140 acres of said land as his own." It was further found that at the time of said partition there was a building on the middle tract in which the mother and three sons, among whom the partition of the whole tract was made, were living, and that "W. R. Sipe together with his wife and children lived in said building and continued to live in the same until the year 1926." Further findings showed affirmatively that if said land ever was the homestead of W. R. Sipe it was never abandoned, the specific finding being that "he has intended at all times since acquiring said land to move on the same as soon as he could build a house thereon."

Under the authorities cited in the majority opinion as applicable to said findings, the partition of the 420-acre tract did not work a discontinuance of W. R. Sipe's homestead in the 420-acre tract, but only restricted it to the 140 acres. There being no issue suggested that he had previously had a homestead upon any other land, the 140-acre tract was his homestead in law and in fact. He could not have executed a valid mortgage thereon nor created an estoppel to claim the exemption by representations to the effect that it was not his homestead. Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S.W. 12; Haile v. Federal Land Bank, Tex.Civ.App., 135 S.W.2d 1024.

Thus far, perhaps, all members of the court may be in agreement. The question is, should the judgment nevertheless be affirmed on the ground that plaintiffs' petition was defective in alleging the precise manner in which said land became appellant's homestead? Certain it is, I think, that the judgment was not based upon any defects in pleadings. It may be conceded that if the court had granted temporary injunction, ex parte, upon the pleadings, and the defendant had appealed, it would be necessary to reverse the judgment. That would result only because in such case the allegations of the pleadings would constitute the only facts by which to test the propriety of granting the injunction. But here the learned trial judge heard the evidence. That, of course, presupposed the sufficiency of the pleadings. The evidence showed that while upon one theory (and evidently the only one in the mind of the court) the granting of the temporary injunction was not required, upon another it was required to preserve the subject matter in suit. The temporary injunction imperatively required to preserve the subject matter of the suit would, I think, be governed by no different rule than a temporary injunction in a divorce suit—both having the same purpose. It has been held that in divorce cases temporary injunctions may be required to preserve the subject matter of the suit even though the plaintiff's petition be subject to a general demurrer. Wright v. Wright, 3 Tex. 168; Dakan v. Dakan, Tex.Civ.App., 53 S.W.2d 682. And why not? Should a court whose jurisdiction is invoked to preserve the subject matter of a pending suit, upon a hearing of the evidence whereby it appears that the plaintiff has a cause of action attempted to be alleged and which requires the restraint of some act in order to preserve the subject matter of the suit, to be disposable by the final judgment, refuse to grant such relief solely because of the omission of plaintiff to allege some fact which the evidence shows to exist and which, of course, may readily be supplied and presumptively will be, by amendment when the court is called upon to pass upon the sufficiency of the pleadings? I find myself unable to concur in that view.