SIPE v. SAYER et al.

No. 2002.

Court of Civil Appeals of Texas. Eastland.

March 29, 1940.

Rehearing Denied April 26, 1940.

R. E. Rodgers, of Hamlin, for appellant.

Gray Browne, of Abilene, for appellees.

GRISSOM, Justice.

G. T. and W. R. Sipe instituted this suit against E. G. Sayer and wife and R. L. Wilkins, Sheriff of Fisher County, to enjoin the sale under execution of certain lands belonging to plaintiffs. Upon a hearing the court enjoined the sale as to the land owned by G. T. Sipe, but refused to enjoin sale of the land owned by W. R. Sipe. W. R. Sipe has appealed.

Plaintiffs' prayer was as follows: "Wherefore plaintiffs pray that writ of injunction issue out of this court, restraining defendants and each of them from selling said property so illegally levied upon and that defendants be cited to appear and answer and that, upon final hearing, that said injunction be made permanent, and that plaintiffs have judgment for the removal of cloud cast on said titles by reason said abstract of judgment and by said levy." Plaintiffs further prayed for costs, damages and general relief.

The parties have apparently considered the petition as an application for a temporary injunction. The trial court filed findings of fact and conclusions of law. The cause is before this court upon a transcript in the absence of briefs and statement of facts.

The temporary injunction appears to have been refused by the trial court as to W. R. Sipe for the reason (as evidenced by the court's findings of fact) that the 140 acres of land, levied upon by virtue of the Sayer execution and claimed by W. R. Sipe as his homestead, was not his homestead because, although W. R. Sipe had the intention to make said tract his homestead, there was no evidence of occupancy or overt acts of preparation of said land for use as a home, and proof alone of intention to occupy the land as a home was insufficient to establish its homestead character. Such a conclusion is sustained by the authorities. In Gilmore v. Dennison, 131 Tex. 398, 115 S.W.2d 902, our Supreme Court said: " * * * the rule has been established that in order to impress upon property a homestead character, in the absence of actual occupancy thereof, there must be an intention by the head of the family to reside upon it with his family as a home, coupled with some overt act of preparation evidencing that intention. Mere intention alone is not sufficient." See also Stevenson v. Wilson, Tex.Civ. App., 130 S.W.2d 317, writ ref.

In Miller v. Stafford et al., Tex. Civ.App., 46 S.W.2d 438, it was held that it was error to grant a temporary injunction in the absence of a specific prayer therefor. Also, see Ely v. Elliott, Tex.Civ. App., 55 S.W.2d 1080; Fletcher v. King, Tex.Civ.App., 75 S.W.2d 980; Temple Ind. Sch. Dist. v. Proctor, Tex.Civ.App., 97 S. W.2d 1047; 24 Tex.Jur. p. 236. It is evident that in the prayer heretofore quoted appellant does not specifically pray for a temporary injunction. However, we do not find it necessary to rest a decision of this case upon that theory.

In the absence of a brief by appellant we cannot know on what supposed error he may rely for a reversal of the judgment. It has been definitely established that a man who resides with his family upon a jointly owned tract of land with his co-tenants may acquire a homestead exemption in his undivided interest in the entire tract of land, and that upon partition his homestead exemption vests immediately in that part of the entire tract which is allotted to him, and this is true even though such person has never actually resided upon the part allotted to him by the partition. Young v. Hollingsworth, Tex.Civ.App., 16 S.W.2d 844, writ ref.; Thompson & Sons Lumber Co. v. Clifton, 132 Tex. 366, 124 S.W.2d 106; Dillard v. Duke, Tex.Civ. App., 107 S.W.2d 414, 418; Brown v. McLennan, 60 Tex. 43; Luhn v. Stone, 65 Tex. 439; Jenkins v. Volz, 54 Tex. 636; Tucker v. Dodson, Tex.Civ.App., 245 S.W. 728; Massillon Engine & Thresher Co. v. Barrow, Tex.Com.App., 231 S.W. 368.

It is apparent from a study of the petition that facts are not alleged sufficient to bring the case within the purview of such decisions. Had appellant lived with his wife upon the 420-acre tract of land with his mother and brothers and used and occupied it in such manner as to establish his homestead rights in his undivided interest in the entire tract, upon partition to him of the west 140 acres, he might have established that the west 140 acres was his homestead, despite the fact that there was no house on that tract and he had never actually resided thereon. But facts supporting recovery on such a theory are not

alleged, if they exist. Appellant alleged, in paragraph 6 of his petition, as follows: "That forthwith *as soon as said partition was made,* plaintiff W. R. Sipe, *began* using, occupying and claiming the west 140 acres of said land as his homestead, that at all times since that date he has used and claimed same as his homestead * * *." (Italics ours) No facts are alleged showing W. R. Sipe's right of homestead exemption in his undivided interest in the 420-acre tract of land prior to partition. The court has found that W. R. Sipe has not occupied his partitioned tract, nor prepared it for homestead use. There is no challenge made of the court's findings of fact or conclusions of law. Therefore, no error appears in the action of the court in refusing to enjoin the sale under execution of W. R. Sipe's land.

The judgment is affirmed.

FUNDERBURK, J., dissenting.

For dissenting opinion of FUNDERBURK, J., see 140 S.W.2d 1112.