**Dock McKEE, Appellant,**

v.

**CITY OF MT. PLEASANT, Appellee.**

No. 7160.

Court of Civil Appeals of Texas.
Texarkana.
Aug. 25, 1959.

Rehearing Denied Sept. 22, 1959.

Geo. F. Edwardes, Texarkana, Ark., Aubrey Robison, Daingerfield, Daisy Olson, Texarkana, Ark., for appellant.

Russell & Perkins, Mt. Pleasant, for appellee.

CHADICK, Chief Justice.

This is a temporary injunction case, the trial court's judgment enjoining an alleged nuisance is affirmed.

Appellee, the City of Mt. Pleasant, Texas, as plaintiff, instituted an injunction suit against appellant Dock McKee, as defendant, praying for orders temporarily restraining and permanently enjoining him from keeping chickens inside its corporate limits. The original petition asserted that Dock McKee kept in excess of 100 game chickens upon a lot of approximately 200 feet square located in the city. It is alleged by reason of the noise, filth and odor created by keeping the chickens the health and material welfare of the residents of the city in the area where the chicken pen is located are impaired and property values are materially lowered; and that maintaining the pen creates a nuisance which should be abated. Appellant answered by general denial; and alleged that he kept game cocks and was engaged in the business of raising them for sale; and had conducted the business at such location for a period of 17 years always in a proper and lawful manner; and at the time the business was established the area was an isolated community; that any persons moving into the community subsequent to the establishment of the business did so with notice and knowledge of the business being carried on; and pled the statute of limitations.

The city's petition was presented to the judge of the District Court of Titus County and a hearing thereon was set for January 5, 1959, notice was served upon McKee and he in person and through his attorney appeared on January 5th and moved for a continuance. The case was postponed until January 29th at which time it was heard and determined by the court. The defendant and his attorney were present and participated fully in the trial. After hearing, the court pronounced its decree which was reduced to writing, the decretal portion reading as follows:

"It is accordingly Ordered, Adjudged and Decreed that the Clerk of this Court issue a Writ of temporary Injunction pending final hearing and determination of this cause, enjoining the said Defendant from keeping and maintaining chickens upon lands owned by him or in his possession located inside the City limits of the City of Mt. Pleasant in the 500 block of West Eighth Street and lying between West Eighth Street and West Ninth Street of the City of Mt. Pleasant, Texas, said Writ to be accompanied by a true and correct copy of this judgment. In order that Defendant may have time in which to recover the chickens from said premises, the said temporary injunction shall become effective ten (10) days after the entry of this judgment, and in issuing the temporary injunction the effective date shall be so stated."

An appeal has been perfected to this Court. Ten points of error are briefed. Point of error 1 advances the legal proposition that the injunction is absolutely void because the court did not require the City of Mt. Pleasant to give bond.

Mt. Pleasant is a home rule city, chartered under provision of Art. XI, Sec. 5, Texas Constitution, Vernon's Ann.St., and enabling statutes. Appellee's brief quotes Sec. 5 of the city's charter in which it is provided that the city shall not make any bond or give any undertaking or security in any suit to which it is a party in state courts but in such actions the city shall be liable as though security or bond had been executed. Article 1174, Vernon's Ann.Texas St., requires the court to take judicial notice of the charter of home rule cities. It is incumbent on this court to take notice of this provision exempting Mt. Pleasant from executing a bond. City of Dallas v. Megginson, Tex. Civ.App., 222 S.W.2d 349, wr. ref., n. r. e.; Stone v. City of Dallas, Tex.Civ.App., 244 S.W.2d 937, wr. dis. And in Smith v. City of Dallas, Tex.Civ.App., 36 S.W.2d 547, wr. dis., it is held that a temporary injunction will not be dissolved because the City of Dallas, a home rule city, failed to make bond as a prerequisite to the issuance of a temporary injunction and cites City of Dallas v. Springer, Tex.Civ.App., 8 S.W.2d 772, n. w. h. In this last case the provision of the charter of the City of Dallas respecting bonds is set out and the language of the provision is identical with that of the city of Mt. Pleasant. Apparently, the trial court took judicial notice of the charter of Mt. Pleasant and no error is shown in not requiring the city to post a bond. Point 1 is overruled.

Appellant's points 2, 3 and 4 are related and will be grouped for discussion. By these points it is urged that the temporary injunction is absolutely void because the city of Mt. Pleasant's pleadings were not verified; did not contain an allegation of the inadequacy of other relief; and the city did not plead nor prove irreparable harm. As a basis of discussion of these points it is necessary to relate that first, no special exception of any nature was made to the city's pleadings and the objection to the form and content of the pleading is first made in appellant's brief on this appeal. Second, the decree entered in the case was made following a full hearing participated in by the parties at which time no restriction was placed upon evidence offered within the scope of the issues raised by the pleading.

With respect to verification, pleading irreparable harm and inadequacy of other relief the appellant waived the error. Rule 90, Vernon's Ann.Texas Rules, provides that every defect, omission or fault in either form or substance of the city's pleading is waived unless pointed out by motion or exception in writing and called to the trial judge's attention before rendition of the judgment.

Rule 682 provides in part, "No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit * *". The language of the rule is taken unchanged from Article 4647, a part of the statutory procedure prior to the adoption of the Rules of Civil Procedure. The quoted portion of the rule was a subject for discussion in Zanes v. Mercantile Bank & Trust Co. of Texas, Tex.Civ.App., 49 S.W. 2d 922, wr. ref.; Magnolia Petroleum Co. v. State, Tex.Civ.App., 218 S.W.2d 855, wr. ref., n. r. e.; Hightower v. Price, Tex. Civ.App., 244 S.W. 652, n. w. h.; and Wilkinson v. Lyon, Tex.Civ.App., 207 S.W. 638, n. w. h. The cases listed upheld judgments in the absence of verified petitions upon the basis either of waiver or because after a full hearing judgment was entered upon evidence offered at the trial, the petition alone not being relied upon to support the order, or for both reasons. Both reasons appear in this case, so no error is shown in this respect. The question of evidence to support the finding of irreparable harm will be noticed in the discussion of point of error 9.

By point 5, appellant takes a position that the court erred in granting a temporary mandatory injunction. By argument and citing of authorities, it is urged

that the order made by the trial court is mandatory and therefore outside the proper sphere of a temporary injunction. It may be stated as elementary that the proper function of a temporary injunction is to maintain the status quo of the parties.

The decretal portion of the order entered in this case is set out in the prefatory statement in the beginning of this opinion. On examination it is clear that by the terms used the order is not mandatory; it prohibits Dock McKee from doing certain acts, that is, keeping or maintaining chickens upon a certain lot. It does not command him to take affirmative action of any nature. The last sentence grants him time to gather up the chickens on the lot but such act is not enjoined upon him elsewhere and gathering up the chickens is not an act the order requires him to perform.

Consideration of the relationship or state of affairs existing between the parties prior to the present controversy sheds some light upon the question at issue. Preceding the controversy, the status of the parties was that chickens were not being kept upon the premises and the inhabitants of the city in the area surrounding the McKee lot were not annoyed by noise and odor from the chicken lot. Such status of the mutual and relevant affairs of the parties was not changed until chickens kept upon the McKee lot created noise and odor, giving rise to the controversy. In Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 553, it is said: "The 'status quo' to be preserved by temporary injunction is 'the last, actual, peaceable, non-contested status which preceded the pending controversy.'" Under the record presented, the injunction is prohibitory in language and serves to preserve the status quo as it existed between the parties preceding the pending controversy. Point 5 must be overruled.

Points of error 6, 7 and 8 raise the question of whether or not Mt. Pleasant, as a home rule city, has authority to bring an injunction suit to abate a nuisance within its corporate limits. After considering the authorities it is concluded that the city has a justiciable interest and may prosecute such action whether the nuisance be public or private.

In Forwood v. City of Taylor, 147 Tex. 161, 214 S.W.2d 282, and Yellow Cab Transit Co. v. Tuck, Tex.Civ.App., 115 S.W.2d 455, wr. ref., it was held that home rule cities have full authority to do anything within the scope of municipal government that is not denied to them by the Constitution or statutes.* There is no restriction of authority either constitutional or statutory upon Mt. Pleasant as to the nature of a nuisance it may abate in the protection of welfare of its citizens or the procedure it must follow. It is free to abate either a public or a private nuisance affecting any field of proper municipal concern by ordinance or civil action. On the other hand, if the city be held to be powerless to abate a private nuisance the same result is reached; this is a temporary order and if there is evidence from which the trial judge may have found that the city had a probable cause of action to abate a public nuisance the order would have to be sustained. This phase of the case will be discussed further under point of error 9.

Point 9 challenges the sufficiency of the evidence to support the judgment. McKee presented no defense involving balancing of equities; his contention is that the evidence is insufficient to show irrepar-

---

* It is to be noticed that cities operating under general law charters are by general law, Art. 1072, V.A.T.S., empowered to abate all nuisances of every description which are or may become injurious to public health. This article is of interest here only because it illustrates a delegation of power by legislative action to general law chartered cities to abate either a public or a private nuisance; the nature of the nuisance being immaterial if it affects health.

able injury and that the city had an adequate remedy at law. The evidence viewed in the aspect most favorable to the order entered shows that Dock McKee kept some 200, and at times as many as 400 chickens; that offensive odor and noise from the chicken yard annoyed residents of the immediate area surrounding the McKee chicken lot; that the din of the early morning cacophony of the 100 or more game cocks disturbed the peace and quiet of the neighborhood; and the noise deprived the neighbors of peaceful rest and slumber and could be shut out of their homes only by closing doors and windows. In damp weather noisome odors pervaded an area of many blocks to the annoyance of the residents.

 The common law definition of a public nuisance was: "Anything that worketh hurt, inconvenience, or damage to the subjects of the Crown." King v. Columbian Carbon Co., 5 Cir., 152 F.2d 636, 638. The same authority defines a private nuisance as: "Anything done to the * * * lands, tenements, or hereditaments of another; that produces damage to but one or a few persons and cannot be said to be public." These definitions were quoted and approved by the Supreme Court of Texas in Storey v. Central Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615. A nuisance may be public and private at the same time; it may injure the public generally and at the same time cause special injury to one or more persons. Boyd v. Schreiner, Tex. Civ.App., 116 S.W. 100, wr. ref.

Storey v. Central Hide & Rendering Co., supra [148 Tex. 509, 226 S.W.2d 618], quotes from Justice Sutherland in Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 118, 71 L.Ed. 303, 54 A.L.R. 1016, approvingly as follows:

"In determining whether a thing or a business is a nuisance the location and surroundings are important and should be considered with other circumstances of the case. A business or industry otherwise lawful may be a nuisance because of the place where it is located or carried on, and although it is not in itself a nuisance, it may become such when it is located in a place forbidden by law or wholly uncongenial to its type of enterprise. 'A nuisance may be a right thing in the wrong place, like a pig in the parlor instead of the barnyard.'"

 Considering these and other relevant authorities and weighing the evidence, the trial court could have concluded that both a public and a private nuisance was created by McKee's keeping the chickens, as related. The record shows that the city presented a case of probable right and probable injury. Under such circumstances the trial court being clothed with broad discretion in determining whether to issue the writ, its order may be reversed only on a showing of clear abuse of discretion. No abuse is shown since the petition alleges a cause of action and the evidence tends to sustain it. Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549. Point 9 is overruled.

 Point 10 asserts that the court erred in granting relief beyond the scope of the prayer of the petition. The city's original petition pled facts which it alleged constituted a nuisance and the prayer was for a "temporary restraining order" to be made permanent upon a final hearing. No objection was made to the pleading nor to the admission of evidence upon the ground that the application was not for a temporary injunction. The parties appeared and participated fully in the hearing; the trial was conducted as a proceeding for a temporary injunction and the parties and the court treated the hearing as one for temporary injunction. The court's order entered after completion of the hearing recited that the hearing was upon an application for temporary injunction. In Wilkenfeld v. Ballard, Tex.Civ. App., 84 S.W.2d 279, n. w. h., it is said that an order is not void because the petition does not by name specify the kind

**230**

of injunction sought; where the circumstances and the nature of the case itself shows nothing but a temporary injunction could have been granted. Then, in Temple Independent School Dist. v. Proctor, Tex.Civ.App., 97 S.W.2d 1047, wr. ref., it is held that where it is fairly inferable from the petition that the injunction applied for was to be effective only until trial on the merits, failure to specify, by name, the relief sought, when only temporary relief could be granted, the pleading is sufficient. See also Dunlap v. Rotge, Tex. Civ.App., 85 S.W.2d 650, n. w. h., where it is said that the nature of the order entered determines its character regardless of its technical classification by the parties to the lawsuit. Appellant's point 10 is overruled.

Finding no error requiring reversal, the judgment of the trial court is affirmed.

FANNING, J., concurs.

DAVIS, J., dissents.